## Layman, *et als* v. Hendrix.

1. If the verdict of the jury is copied by the clerk, making out the transcript of the record, and is different from that recited in the judgment entry, it cannot be noticed by an appellate court; the presumption is, that the jury corrected the verdict and returned the one recited by the judgment entry.
2. If the court directs the judgment entry, different from, and unauthorized by the verdict rendered; the proper mode to present the point for revision is, to except to the action of the court, if the fact does not otherwise appear in the record.
3. In an action against several defendants, for a joint trespass, the plaintiff is entitled to demand a joint verdict for damages against all who are· ascertained to be guilty; and it would be erroneous to instruct a jury, that they might, in such a case, sever the damages and apportion them among the several defendants.
4. If a jury return a joint verdict of guilty, against more defendants than one, in an action of trespass, and assess several damages, it is optional with the plaintiff to set aside the verdict, and have a *venire de novo ;* or to cure the defect, by entering a *nolle prosequi* against all the defendants, but the one whom he may elect to charge with the damages assessed against him alone.

Writ of error to the Circuit Court of Benton County.

ACTION of *trespass vi et armis.* Demurrer to the *decla-*

ration.   Demurrer overruled.   Each defendant then severally pleaded not guilty.   The pleadings need not be stated, as no opinion is given by the court, on the assignment of error respecting the demurrer.    In the transcript of the case, and immediately preceding the judgment, the following entry appears :—" this cause came on to be tried, and the defendants' demurrer to the plaintiff's declaration being overruled, they pleaded as follows,— each defendant, for himself, pleads not guilty ; upon the back of which pleas, is the verdict of the jury, in the words and figures following, viz :—we, the jury, find in behalf of the plaintiff, and fine Wesley Short $100, George Layman $300, Daniel Layman $300, Samuel Whip $300.    John C. McGehee. foreman."   The judgment entry is as follows :—" this day came the parties, by their attornies, and thereupon the defendants' counsel demurred to the plaintiff's declaration, and argument being thereupon had, and the matters of law arising on said demurrer, being fully understood by the court ; it is, therefore, considered by the court, that the said demurrer be overruled ; and the said defendants, by leave of the court, plead, each for himself, separately, the general issue of not guilty ; and thereupn came a jury," etc. etc. " who, upon their oaths, do say, they find the defendants guilty of the trespass in the said plaintiff's declaration mentioned, and they find for the plaintiff, the sum of one thousand dollars damages, to be levied in manner following, to wit : three hundred dollars of said damages, to be levied of Samuel Whip ; and three hundred dollars of said damages, to be levied of Daniel Layman ; and three hundred dollars of said damages, to be levied of George Layman, and the remaining sum of one hundred dollars of the said damages, to be levied of Wesley Short."   Then follows a joint judgment for one thousand dollars, against all the defendants, to be levied according to the finding of the jury.

The defendants assign for error—

1.  The overruling of the demurrer.

2.  The changing the verdict of the jury.

3.  The judgment rendered by the court.

WILLIAM B. MARTIN, for the plaintiffs in error.
CHILTON, contra.

GOLDTHWAITE, J.—As the attention of the court has not
been directed to the supposed defects of the declaration, we have
not deemed it important to be examined.

1. 2. The error, which is supposed to arise out of the change
made in the verdict, cannot be available to the plaintiffs in error,
because, it is evident, that the first entry is the mere recital of
the clerk, of the effect of certain papers filed in the cause. If
we are right in this, we may remark, that it is not the duty of
a clerk to *make* a record, but merely to *certify* the one which
exists. The presumption is, that if the verdict recited, was re-
turned, the jury afterwards corrected their finding, and returned
that which is stated in the judgment entry. If, in point of fact,
the first verdict was returned, and not the record, the proper
mode of presenting the point for revision, (if it did not oth-
erwise appear on the record,) would be by an exception to the
action of the court, in directing the improper entry.

3. The question, which springs out of the judgment as rendered,
is one of very frequent occurrence on the circuit, and is not
without difficulty; as the cases on this subject are numerous,
and not altogether consistent with each other, we propose to con-
sider it, with reference to the principles involved.

The trespass is charged to have been *joint*, and committed by
all the defendants; it must, therefore, be true, that the plaintiff
has sustained but *one injury*. The law contemplates the re-
covery of damages as a *compensation* to the injured party, and
not as a *punishment* inflicted on the agressor. The injury
which has been sustained in person or character; the suffering
and expenses which have been caused by the illegal and violent
acts of the defendants, in a joint trespass, are all proper to be
taken into consideration, in the computation of the damages; and
as the plaintiff is entitled to the *whole* sum thus ascertained, it
is evident, that *some portion* may be lost to him, if the amount
can be lawfully apportioned among the several defendants; be-
cause some of them, may not be equally solvent and responsible
with others.

Again, an apportionment of the damages, is impracticable, according to the well established principles of law, because, as soon as there has been one satisfaction for a joint trespass, by any one of the co-trespassers, the remedy is extinct as to all the others. [Buller's *nisi prius*, 20.] It is true, the injured party may proceed against the trespassers jointly or severally ; but it has never been supposed that he could have several satisfactions for the same trespass. These views are conclusive, in our opinion, to prove that the apportionment of damages in an action of trespass is unwarranted by law.

4. The plaintiff, in a case like the present, is entitled to demand a joint verdict against all who are ascertained to be guilty of the joint trespass; and it would be erroneous to instruct a jury to sever the damages, and apportion them among the several defendants. If, however, a jury should return a joint verdict of guilty, against more than one defendant, and assess several damages, it is not such an irregularity as will necessarily avoid the verdict ; it is optional with the plaintiff to have a *venire de novo,* or to cure the irregularity, by entering a *nolle prosequi* against all but one of the defendants, whom he may elect, to charge with the damages assessed by the jury against that defendant.

These rules seem to have been settled in the best considered cases which we have examined. In Crane & Hill v. Hemberton [Cro. Jas. 118] to an action of trespass for assault and battery and wounding, one defendant pleaded not guilty as to the wounding, and justified as to the assault and battery, as in self defence ; the other justified the entire trespass as in self defence. The jury found the first guilty of the wounding, and also, the other issue against him, and assessed damages of 20£ ; they found the issue also against the other defendant, and damages of 100£. Judgment was given in the common pleas, according to the verdict ; and the court of King's Bench reversed this judgment, because there ought to have been but one judgment for the damages ; and the plaintiff ought to have elected against whom he would have taken it.

A similar conclusion was arrived at in Hill *et al.* v. Goodchild [5 Burr. 2790.] There, the defendants pleaded *jointly,* but the

damages were severed by the verdict.  Lord Mansfield, then considered the question, as to the effect of a *joint verdict* of guilty on *several pleas,* as unsettled in the English courts : and declined going beyond the precise question presented by the pleadings of the case then before him.

In the case of Mitchell v. Mebank *et al.* [6 Term Rep. 199,] it was held, that the plaintiff might set aside a verdict, for the irregularity, which assessed several damages against joint tres-passers ; and Sergeant Williams in a note in 1 Saunders 207, n. 2, says : that when a jury give a wrong verdict in point of law, the plaintiff may cure the defect, by entering a *nolle prose-qui* before the judgment.   As when several persons are *jointly* charged in an action of assault and battery, who either plead jointly, or sever in their pleas (for it is immaterial which is the case,) if the jury assess several damages, it is wrong, and the judgment will be erroneous.   But the plaintiff may cure the defect, by entering a *nolle prosequi* against all the defendants but one, and taking judgment against him only.

A majority of the court of appeals of Virginia, in Ammonette v. Harris *et al.* [1 H. & M. 488] considered it as doubtful, whether several damages might not be assessed when the defend-ants *severed* in their pleas ; but we do not perceive how the act of the defendant, can deprive the plaintiff of his right to a joint verdict and judgment against all who are found guilty of the same trespass ; and the well established rule, that only one satis-faction can be had for a joint trespass, [Buller's *nisi prius,* 20,] is very persuaive, to show, that the true rule is stated by Ser-geant Williams, who declares it to be perfectly immaterial wheth-er the defendants sever or join in their pleas.

The verdict in the present case, is for all purposes, the assess-ment of several damages ; it declares that the plaintiff has sus-tained damages to the amount of one thousand dollars; which it apportions among the defendants; and directs to be levied of them severally, in specific proportions.   This could have been cured as we have already shown, by entering a *nolle prosequi* as to all but one, and taking judgment against him only, for the

sum assessed against him : or the plaintiff could have set aside the verdict for the irregularity, and have had a new trial.

Let the judgment of the circuit court be reversed and the cause remanded, when the plaintiff can either set aside the verdict for the irregularity, and have another trial, or he can enter a *nolle prosequi* as before indicated.