[City of Birmingham v. Hawkins.]


# City of Birmingham *v.* Hawkins.

### Personal Injury.

(Decided April 20, 1916.   Rehearing denied June 1, 1916.
72 South. 25.)

1. **Trial; Verdict; Change.**—Where the action was against a city and its police officer for personal injuries inflicted upon plaintiff's minor son, and the jury returned a verdict for plaintiff, with damages against the city in the sum of $50, and against the officer in like amount, the action of the court in changing the verdict to a verdict for plaintiff in the sum of $100 was erroneous, as it was a change not only of the form, but of the very substance of the verdict in respect to the liability of each of defendants.

2. **Same; Apportionment.**—Where the suit is against joint tort feasors, a jury cannot sever by apportioning the damages, as such an apportionment is impractical, since as soon as there is one satisfaction, the remedy is extinct as to all other joint tort feasors.

3. **Parties; Joinder; Tort Feasors.**—Joint tort feasors may be sued jointly or severally.

4. **Trial; Verdict; Form.**—Where the verdict was for plaintiff with damages against defendant in separate amounts, the trial court should have refused to receive the verdict, and should have sent the jury back for further consideration.

5. **Same.**—There is no particular form in which the verdict may be rendered, it may be either written or oral.   General verdicts are sufficient if they respond in substance to every material fact involved in the case, and when the verdict is so responsive, the court commits no error in putting it in form.

6. **Same; Modification; Substance.**—Where a verdict is imperfect in substance, and does not respond affirmatively or by necessary implication to the issues as formed, the presiding judge cannot put it in form, as his attempt to do so would be the verdict of the court, and not the verdict of the jury.

7. **Appeal and Error; Parties; Statute.**—An appeal by one of several parties to a judgment is authorized by § 2884, Code 1907, as amended by Acts 1911, p. 589.

8. **Same; Mode; Waiver.**—Where no point was made or taken at or before the submission of the case that a proper notice of the appeal had not been given or served on the other defendant, and no severance or separate assignment of errors, there was a waiver as to such by appellee.

APPEAL from Birmingham City Court.
Heard before Hon. C. W. FERGUSON.
Action by L. D. Hawkins against the city of Birmingham, and one of its police officers, for damages for injuries inflicted upon plaintiff's minor son, in an automobile or motorcycle col-

lision. Judgment for plaintiff, and defendant city appeals. Reversed and remanded.

(Transferred from Court of Appeals under act creating said court.)

ROMAINE BOYD, and M. M. ULLMAN, for appellant. ALLEN, BELL & SADLER, for appellee.

MAYFIELD, J.—Appelle sued appellant city and one J. B. Palmer to recover damages for injuries inflicted upon plaintiff's minor son. The injuries were inflicted in consequence of an automobile or a motorcycle, which was being driven by the defendant Palmer, striking or running over plaintiff's son. The boy, at the time of the injury, was playing in one of the public streets of the city of Birmingham. Palmer, by order of the desk sergeant of the police department of the city of Birmingham, was driving the automobile from the city hall, in Birmingham proper, to a substation of the police department situated in West End, Birmingham; and his mission was the carrying of a bicycle used by the police department from one station to the other. The city claimed, and renews its claim here, that Palmer was one of its policemen, and at the time and on the occasion of the injury was engaged in the performance of a part of his official duties as such policeman; that the employment and use of policemen is one of a city's governmental functions, as distinguished from its corporate or business functions; and that for the acts of a policeman such as are here shown and complained of a municipality is not liable. This issue was attempted to be raised by the pleadings, but it was not raised in such sort that it can be treated on this appeal. Appellee claims that the evidence does not show without dispute that Palmer was a police officer and in the discharge of his police duties at the time and on the occasion in question. The evidence does show without dispute, however, that the automobile and the bicycle were owned or controlled by, and used in the business of, the police department of the city, and that they were being transported at the time and on the occasion of the injury from one station to another, by order and under direction of the police department, and that Palmer was there and had been commissioned or authorized to act as policeman of that department of the city government. Under this state of facts, if the question

was properly raised and presented, we would have to hold, under a long line of decisions and most all of the authorities on the subject, that the city would not be liable for the injury inflicted on account of the negligence or wanton injury of which plaintiff complains. However, as the case must be reversed, and the evidence may be different on another trial, we decline to now pass upon the question of liability of the city vel non. The city and Palmer were sued jointly; and when the case was submitted to the jury it was agreed between the parties that, if a verdict was returned in their absence, it would or should be put in proper form. The jury returned with a verdict for plaintiff as against both defendants for $50 against each separately.

The motion for a new trial as to the return, reception, and change, of the verdict by the jury and the court, contains the following recitals, and the bill of exceptions states that those recitals are admitted to be true:

"Because at the time the jury returned the verdict in said cause, this court was not in session, and the jury returned a verdict in the following words, to-wit: 'We, the jury, find for the plaintiff and assess his damages against the city of Birmingham in the sum of fifty dollars and against J. B. Palmer in the sum of fifty dollars. Robert E. Terry, Foreman.' And thereupon the said jury was disbanded, which said verdict was returned and delivered to the bailiff on the afternoon of the 29th of October, 1914, and on the morning of the 30th day of October, 1914, said verdict was delivered to the trial judge, who thereupon entered upon the trial docket in said cause the verdict of the jury in the exact language as returned, and the plaintiff in said cause thereupon in open court insisted that the entry of said verdict on the record should be changed so as to read, 'We, the jury, find for the plaintiff and assess his damages at one hundred dollars.' And the defendants further show that, in the absence of the defendants' counsel but after the notice to the defendants' counsel as hereinafter stated, the court interrogated the members of the said jury as to what their intentions were in returning said verdict, and the court, acting upon information received from said jury, and the wording of the verdict, thereupon erased from the trial docket the original entry of said verdict and substituted in lieu thereof the entry in the following words: 'October 30, 1914. Verdict and judgment for the plaintiff for one hundred dollars.' And the defendants

[City of Birmingham v. Hawkins.]

further show that the honorable Chas. W. Ferguson, presiding judge at said trial, after the said jury had been disbanded and had been relieved of further consideration of said cause, and after counsel for the defendants and the defendant had departed from the court, on, to-wit, the 30th day of October, 1914, and about five minutes before the jury were interrogated, instructed the clerk of said court to call the defendants' counsel over the telephone and request him to come into court as the court desired to interrogate the members of the jury which had theretofore tried said cause as to the meaning of their verdict, and the clerk did thereupon communicate with defendants' counsel over the telephone and impart said information, and the defendants' counsel stated to said clerk that he was engaged at that moment and could not come to court before fifteen or twenty minutes and requested the said clerk to so inform the court and ask him to wait until the defendants' counsel could be present in court and object to any such procedure, and the clerk of said court thereupon imparted said information .to the court, at which time the jury had not been interrogated, and shortly thereafter, the clerk returned to the telephone and informed the defendant's counsel that the court had already interrogated the persons who had formerly been members of said jury, which interrogation was done in the meantime, and that the said jury had informed the court that it was their intention that the plaintiff should recover $100, and that the court had thereupon entered a judgment for $100, and that he would give the defendants an exception to the entire procedure. It was agreed in open court and before the jury retired originally to consider the case that, if the judgment was not in form, it might be put in form and might be received by the clerk or bailiff if the court was not in session and was so received."

(1) This action of the court was reversible error, and the court should have granted a new trial on this account. This, because there had been a change, not only of the form, but of the very substance of the verdict, so far as each of the defendants was concerned. It is true that the aggregate amount of the verdict assessed for the plaintiff was the same under either entry; but the clear intent of the jury, as expressed by their original verdict, was that each of the defendants should be liable for only $50 as damages, while the changed verdict made each liable for $100.

(2, 3) It was decided by this court at an early date, in the case of *Layman v. Hendrix,* 1 Ala. 212, 215, that an apportionment of damages against several tort-feasors was impracticable, for the reason that, under the law, as soon as there was one satisfaction, as against one tort-feasor, there was satisfaction, and the remedy was extinct as to all other joint tort-feasors. This, of course, is injurious to the plaintiff and not to the defendant, and the plaintiff only can complain. It is also true that a plaintiff may sue joint tort-feasors jointly or separately; but he can have but one satisfaction. If, however, he sues jointly, as in this case, the jury cannot, as in this case attempted, sever by apportioning the damages. The plaintiff had the right to have the error corrected, but not in the way attempted by the lower court. What was said in the case of *Layman v. Hendrix, supra,* is apt here: "The verdict * * * is for all purposes the assessment of several damages; it declares that the plaintiff has sustained damages to the amount of $1,000 which it apportions among the defendants, and directs to be leviel of them severally, in specific proportions. This could have been cured, as we have already shown, by entering a nolle prosequi as to all but one, and taking judgment against him only, for the sum assessed against him; or the plaintiff could have set aside the verdict for the irregularity, and have had a new trial."

(4) The trial court could have declined to receive the verdict, and sent the jury back for further deliberation; but it could not correct the verdict, as was attempted, because it involved a change in substance, and not in form, as we have above shown.

(5, 6) The following are the rules of law and procedure which govern in cases like this: "As a rule, there is no particular form in which verdicts shall be rendered. General verdicts are always sufficient, if they respond in substance to every material fact involved in the issue. And doing this, the court commits no error by putting the verdict in form. The verdict may be either written or oral, and it is always sufficient, if it respond substantially to the questions of right the issue or issues raise. All else is form, which the court can supply with or without the consent of the jury.—*Ewing v. Sanford,* 21 Ala. 157.

"It is different when the verdict is imperfect in substance, and does not respond affirmatively, or by necessary implication, to the issues as formed. Such verdict is imperfect, not in form, but in substance. The presiding judge should not receive an

imperfect verdict, but should remand the jury for further deliberation, under appropriate instructions. If the court were to attempt to aid such verdict, it would become, not the verdict of the jury, but of the court.—*Lee v. Campbell,* 4 Port. 198·; *Sewell v. Glidden,* 1 Ala. 52; *Layman v. Hendrix,* 1 Ala. 212; *Wittick v. Traun,* 27 Ala. 562 [62 Am. Dec. 778] ; *Clay v. State,* 43 Ala. 350; *Walters v. Junkins,* 16 Serg. & R. [Pa.] 414 [16 Am. Dec. 585] ; Proffat on Jury Trials, § 456."—*St Clair v. Caldwell & Riddle,* 72 Ala. 528.

(7, 8) It is insisted by appellee: (1) That there should be no consideration of the appeal, because taken in the name and on account of one only of the two defendants against whom a final judgment was rendered; and (2) because there was no severance and no separate assignment of errors by each of the defendants. The first contention cannot be sustained, for the reason that the statute now authorizes an appeal by one only of several parties to a judgment.—Code, § 2884; Acts of Legislature, 1911, p. 589. No point was made or taken, at or before submission, that a proper notice of the appeal had not been given or served on the other defendant, and hence there was a waiver as to this matter by appellee, if the ground ever existed.

"The mode, but not the time of taking an appeal, may be waived; the one is jurisdictional, the other not. Amendable defects will be considered as waived, unless raised before the submission. This court does not favor the dismissal of appeals for defects in the mode or manner of taking them, if the defect could and would have been amended if raised in time.—*Kidd v. Turner,* 52 Ala. 251; *Thompson v. Campbell,* 52 Ala. 583; *Coffey v. Norwood,* 81 Ala. 512, 8 South. 199."—*Wynn v. Adm'r v. Bank,* 168 Ala. 483, 53 South. 234.

This record is a good one to illustrate the justice and propriety of the above rule. Suppose the point as to notice had been taken before submission: The record shows that the objection would have been met by the other defendant's appearing, and declining to join in the appeal or waiving his right to assign errors. The record contains the following to this end: "Now comes J. B. Palmer, and waives summons, notice of appeal and consents to a severance, and waives the right to assign errors separately. M. M. Ullman, Attorney for J. B. Palmer."

There is, of course, no occasion, much less necessity, for a severance, to allow separate assignments of error, where the ap-

[Bailey v. Southern Railway Co.]

peal is taken in the name, and on account of only one defendant. It follows therefore that judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.