(96 South. 78)

**SHERROD v. McGRUDER et al. (2 Div. 799.)**

(Supreme Court of Alabama. April 19, 1923.)

1. **Appeal and error ⊜⟹323(4)—Appeal by one of several defendants dismissed if no summons issued to other defendants.**

Under Gen. Acts 1911, p. 589, amending Code 1907, § 2884, so as to permit any party against whom a judgment or decree is rendered to appeal individually without taking the appeal in the name of the other codefendants, but requiring summons to be issued to such as had not joined in the appeal and which may be served either personally or on the attorney of record, or by publication, an appeal by one of several defendants against whom the judgment was rendered will be dismissed on the Supreme Court's own motion, where no summons was issued to the other defendants as required by the statute and they were not brought in by summons issued from the Supreme Court.

2. **Appeal and error ⊜⟹323(4)—Power of Supreme Court to have service made on parties not before it not abridged by statute.**

Gen. Acts 1911, p. 589, amending Code 1907, § 2884, so as to authorize appeal by one of several defendants, if summons is issued by the clerk of the court below against other defendants, does not abridge the power of the Supreme Court under its existing practice to cause service of summons to be made when service had not been perfected.

Appeal from Circuit Court, Perry County; S. F. Hobbs, Judge.

Action by Tennessee McGruder and others against Etta Sherrod and others. From a judgment for plaintiff, Etta Sherrod alone appeals. Appeal dismissed.

W. L. Hogue, of Marion, for appellant.

Counsel discuss the errors assigned, but in view of the opinion it is not necessary to set them out.

R. B. Evins, of Greensboro, and A. W. Stewart, of Marion, for appellees.

The judgment was against the several defendants. The codefendants of the sole appellant did not join in the appeal, and no summons was issued out of the circuit court to such defendants. Hence the appellate court can render no other judgment than one of dismissal. Acts 1911, 589; L. & N. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900.

THOMAS, J. The suit, after revival, was against several defendants and resulted in judgment for plaintiffs. The appeal was taken and error assigned by only one of the defendants in judgment.

The fact that the appeal is taken only by Etta Sherrod is attested by the "notice of appeal," notice thereof "to attorneys for plaintiffs," and in her "appeal bond."· Codefendants are not shown to · have been brought in by notice or summons issued out of the circuit court or out of this court.

[1] In the case of an appeal by one of codefendants, in order that this court may have jurisdiction of the other parties against whom judgment was rendered, it is necessary that summons issue to such codefendants, not appealing, as required by the statute (Gen. Acts 1911, p. 589), or that they be brought in pursuant to an order of the court to which the appeal is taken. This court may not, as invited so to do, conclude the rights of the other parties without having them before it. The right of the court to proceed to other judgment than that of dismissal of the appeal was the subject of discussion, where codefendants had not joined in the appeal and yet were properly before the court of their own motion, in L. & N. R. R. Co. v. Shikle, 206 Ala. 494, 497, 90 South. 900. Such is not the case before us.

The Act of April 21, 1911, supra, amending section 2884 of the Code, provided that any party against whom a. judgment or decree is rendered may individually appeal to the Supreme Court or the Court of Appeals without taking the appeal in the name of the other codefendants. The same statute, however, provided that, in such an appeal, "the clerk or register of the court from which the appeal is taken, shall issue a summons when the appeal is *so taken*, to such as do not join in the appeal, to appear before the Supreme Court· or Court of Appeals at the time to which the appeal is returnable, and unite in said appeal if he see proper, which summons may be served upon the party, or his attorney of record in the lower court.". (Italics supplied.) It is a further provision of that statute that—

"If any of the parties not joining be nonresidents and not represented by an attorney in the lower court, the clerk or register may cause notice of such appeal to be sent by registered mail or published * * * in 'some public newspaper."

[2] Only after compliance with such statutory provision, or when the parties have been brought in by order of the court to which the appeal is taken, is the Supreme Court or the Court of Appeals authorized to "proceed as if said party had been served with a summons to join in such appeal." It was not intended by the act to abridge the power of the Supreme Court or the Court of Appeals, under its "existing practice, to cause the service of a summons to be made when service has not been perfected as hereinabove prescribed." The observation contained in Birmingham v. Hawkins, 196 Ala. 127, 72 South. 25, of the foregoing statute, was merely to the effect that the right of an appeal by one of the several parties to a judgment is authorized by said statute, and therefore there was no occasion or necessity for a severance to allow separate assignments of error, where the appeal was taken in the name of only one of the defendants. This observation is only pertinent where the record shows that such other defendant has been brought into the Supreme Court or the Court of Appeals, as provided by law.

It will not be necessary to advert to the ruling of the trial court on the introduction of deeds from certain of the heirs at law of Tennessee Chapman to Wedgeworth, or to the objection made thereto in argument of appellant that the conveyances were made while the third party was in adverse possession of the land (see Code, § 3839; Burnett v. Roman, 192 Ala. 188, 194, 68 South. 353; Roman v. Lentz, 194 Ala. 610, 612, 69 South. 827; Gerald v. Hayes, 205 Ala. 105, 87 South. 351), since, for want of proper parties when the submission was had, the appeal is dismissed by the court, ex mero motu.

The appeal is dismissed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.