66 So.2d 195

## MATTHEWS et al. v. DONALD.

### 6 Div. 541.

Supreme Court of Alabama.

June 18, 1953.

S. P. Keith, Jr., Birmingham, for appellant.

Harwood & Parsons, Fairfield, for appellee.

MERRILL, Justice.

This is a suit in unlawful detainer, Code 1940, Title 7, § 967, instituted by Ouida S. Donald (appellee) against Charlie Matthews and Barbara Matthews (appellants).

The complaint as amended consisted of one count, which was as follows:

"The plaintiff sues to recover possession of the following tract of land:

"Premises known as house No. 329–56th Street, Fairfield, Alabama, located at Fairfield, Alabama and enclosure in which same is located, of which he was in possession, and upon which, pending such possession, and before the commencement of this suit, the defendant lawfully entered on demise of the plaintiff for month to month and which now the defendant, after the termination of his possessory interest, and after the plaintiff's demand in writing therefor, unlawfully detains, together with ——— dollars for the detention thereof."

Each defendant demurred separately and severally to the complaint and assigned among other grounds the following:

1. The complaint fails to state a cause of action against this defendant.

2. The same fails to state which of the defendants said demise was entered into by the defendant.

The court overruled the demurrers. The cause was submitted on an agreed statement of facts and upon submission a judgment was entered against each of the defendants for possession of the property described in the complaint and $300 damages for the detention thereof. From the foregoing judgment both of the defendants have appealed.

The law of this case is stated exactly in the case of East v. Tingley, 254 Ala. 309, 48 So.2d 316, and paragraphs numbered 1 through 6, inclusive, are adopted for this opinion.

The rule requiring an "s" to be added to the word "defendant" may be harsh, but

under the rule of *stare decisis,* we do not venture to depart from the decisions cited.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.