83 So.2d 291

Barbara MATTHEWS

v.

Ouida DONALD.

6 Div. 709.

Supreme Court of Alabama.

Sept. 15, 1955.

Rehearing Denied Nov. 10, 1955.

S. P. Keith, Jr., Birmingham, for appellant.

Harwood & Parsons, Fairfield, for appellee.

LAWSON, Justice.

This action of unlawful detainer was filed in the Municipal Court of Ensley by Donald Real Estate & Insurance Company, a Corporation, and Ouida S. Donald against Charlie Matthews and Barbara Matthews. From an adverse judgment Barbara Matthews appealed to the circuit court of Jefferson County, Bessemer Division. She executed appeal and supersedeas bonds with Dewitt Taylor, Joe Hardie, S. P. Keith, Jr., and Marguerite C. Keith as sureties.

After the appeal was taken to the circuit court, the complaint was amended so as to strike the corporate plaintiff and a judgment was rendered in favor of the remaining plaintiff, Ouida S. Donald, against the defendant Barbara Matthews for possession of the property sued for and against her and the sureties on her supersedeas bond in the sum of $300 as damages for detention of the property. There was a judgment also against Barbara Matthews and the sureties on the appeal bond for costs.

Barbara Matthews appealed to this court. We reversed, holding in effect that the circuit court erred in not sustaining the demurrer interposed to the complaint as amended. Matthews v. Donald, 259 Ala. 151, 66 So.2d 195. No other ruling of the trial court was challenged on that appeal nor did the question of our right to entertain the appeal come to our attention.

576

After remandment the complaint was amended so as to correct the defect pointed out in Matthews v. Donald, supra. Upon the cause again coming on for trial before the court without a jury, a judgment was rendered in favor of Ouida S. Donald in all respects similar to the previous judgment except that the amount awarded for detention of the property was $800.

Her motion for new trial being overruled, Barbara Matthews executed bond to secure costs of appeal to this court with S. P. Keith, Jr., and Marguerite C. Keith as sureties.

As shown above, the judgment rendered in the trial court was against the named sureties on the supersedeas and appeal bonds. Since they did not join in the appeal, summons should have been served on them as provided in § 804, Title 7, Code 1940. Cosby v. Moore, 259 Ala. 41, 65 So. 2d 178. See Sellers v. Smith, 143 Ala. 566, 39 So. 356. However, two of the sureties against whom the judgment was rendered, S. P. Keith, Jr., and Marguerite C. Keith, by signing the appeal bond to this court as principals, rendered it unnecessary for summons to issue by the clerk of the court below or by this court notifying them of this appeal and to appear and unite in it if they saw proper. By signing this appeal bond as principals they waived notice thereof and united therein. Smith v. Collier, 210 Ala. 23, 97 So. 101.

But Dewitt Taylor and Joe Hardie, as far as this record discloses, have not been notified of this appeal as provided by § 804, Title 7, supra. They have not been brought in by order of this court nor have they joined in the assignments of error or otherwise waived the notice to which we have referred. See Cosby v. Moore, supra; Barker v. Barker, 249 Ala. 322, 31 So.2d 357; Lane v. Henderson, 232 Ala. 122, 167 So. 270; Louisville & N. R. Co. v. Shikle, 206 Ala. 494, 90 So. 900.

For want of proper parties when the submission was had, the appeal is dismissed by the court ex mero motu. Sherrod v. McGruder, 209 Ala. 260, 96 So. 78; Hagood v. Cleckler, 221 Ala. 379, 129 So. 2;

McKinstry v. Thomas, 258 Ala. 690, 64 So. 2d 808; Rush v. Newsom Exterminators, Inc., 261 Ala. 610, 75 So.2d 112.

The appeal is dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.

On Rehearing

LAWSON, Justice.

The holding in Sherrod v. McGruder, 209 Ala. 260, 96 So. 78, to the effect that this court will ex mero motu dismiss an appeal where there has not been a compliance with the provisions now codified as § 804, Title 7, Code 1940, has been consistently followed and we are unwilling to depart from that holding expressed in 1923, although it may not be in conformity with expressions contained in the cases of City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25, and Southern Railway Co. v. Irvin, 191 Ala. 622, 68 So. 139.

Application for rehearing overruled.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.