103 So.2d 312

### George R. MORRISON

v.

### Margaret T. BURNETT.

6 Div. 248.

Supreme Court of Alabama.

May 22, 1958.

Jerome Phillips, Birmingham, for appellant.

Gillespy, Dominick, Fletcher & Taylor and George Peach Taylor, Birmingham, for appellee.

MERRILL, Justice.

Appeal from a final decree in equity denying relief sought by the bill of complaint. The relief prayed for was that a boundary line dispute between the parties be settled, that respondent be enjoined from maintaining or using a wall to a building which allegedly encroached upon complain-

ants' lot, and for damages for the alleged encroachment.

Appellee filed a motion to dismiss the appeal for failure to comply with Tit. 7, § 804, Code 1940, in that the record fails to show notice of the appeal to Annie Jordan Morrison, one of the complainants below.

The pertinent part of the statute reads:

"Any party against whom a judgment or decree is rendered, may individually appeal to the supreme court or court of appeals without taking the appeal in the name of the other codefendant, but the clerk or register of the court from which the appeal is taken, shall issue a summons when the appeal is so taken, to such as do not join in the appeal to appear before the supreme court or court of appeals at the time to which the appeal is returnable, and unite in said appeal if he see proper, which summons may be served upon the party, or his attorney of record in the lower court. * * *"

The sole complainant in the original bill of complaint was George R. Morrison. The bill was amended "by adding the name of Annie Jordan Morrison as a party complainant," and the amendment alleged that the complainants were the joint owners and possessors of the lot on which the alleged encroachment existed. The grantees in the deed to the lot were George R. Morrison and Annie Jordan Morrison.

All the pertinent recitals in the record show that the appeal was taken by George R. Morrison only. The security for costs is not signed by Annie Jordan Morrison; the certificate of appeal shows an appeal by George R. Morrison only, and the notice or citation of appeal reads in part:

"Whereas, on the 17th day of December, 1957, George R. Morrison, Complainant, took an appeal from the decree rendered on the 9th day of November, 1957, by. the Circuit Court, Tenth Judicial Circuit of Alabama,

Equity Division, in the cause of George R. Morrison, Complainant vs. Margaret T. Burnett, Respondent."

The record does not disclose that Annie Jordan Morrison has been notified of this appeal. She has not been brought in by order of this court nor has she joined in the assignments of error or otherwise waived the notice. Matthews v. Donald, 263 Ala. 575, 83 So.2d 291, 293. Yet, we are requested to decide questions concerning land in which she apparently owns a one-half interest. As stated in Matthews v. Donald, supra:

"For want of proper parties when the submission was had, the appeal is dismissed by the court ex mero motu. Sherrod v. McGruder, 209 Ala. 260, 96 So. 78; Hagood v. Cleckler, 221 Ala. 379, 129 So. 2; McKinstry v. Thomas, 258 Ala. 690, 64 So.2d 808; Rush v. Newsom Exterminators, Inc., 261 Ala. 610, 75 So.2d 112."

The motion to dismiss the appeal must be granted.

Appealed dismissed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.