DELPHINE J. DIXON and AUDREY DIXON

Plaintiffs - Appellants

vs.

HATTIE JOHNSON

Defendant - Appellee

Decided on August 22, 1979

John R. Westerman, Farmington, New Mexico, for Plaintiffs-Appellants

Sarah S. Fassett, Farmington, New Mexico, for Defendant-Appellee

Before WALTERS, Acting Chief Justice, BECENTI and WILSON, Associate
 Justices

WALTERS, Acting Chief Justice

I.

This case is on appeal from a jury verdict rendered in the
Shiprock District Court. The matter arose out of a shooting incident
which took place on September 30, 1976. The plaintiffs sought com-
pensatory, medical and punitive damages. The defendant filed a
counterclaim alleging emotional distress and alienation of affection.

At the beginning of the trial, the plaintiffs made a motion
for summary judgment on the issue of liability. The motion was based
upon the record of defendant's conviction in the District Court of the
State of New Mexico, San Juan County, for the aggravated battery of
the plaintiffs and on the deposition of the defendant. The presiding
judge denied the motion.

The jury awarded Audrey Dixon $8000 damages for assault and battery and $16,000 in punitive damages. Delfine Dixon was ordered to pay Hattie Johnson $15,000 for intentional infliction of emotional distress, $45,000 for alienation of affection and $40,000 punitive damages.

The plaintiffs filed this appeal, seeking only to appeal that portion of the judgment which found in favor of the defendant on the counterclaims.

The appeal raised five issues: prejudicial error in denying the motion for summary judgment, prejudicial error in disallowance of a doctor's testimony, prejudicial error from admission of evidence, that the verdict was not based on substantial evidence, and that the jury instructions were insufficient and confusing.

The defendant filed a Motion in Opposition to the Appeal alleging that the appeal had not been served by certified mail as required, that the appeal of only a portion of the judgment was unfair, and that the failure to cite specific instances in the transcript prevented a proper response.

A hearing on this motion was held on July 13, 1979.

II.

The following issues are raised by the Motion in Opposition:

1. Should the appeal be dismissed for failure of the appel-

lant to serve the appellee by certified mail?

2. Should the appeal be dismissed for failure to appeal the entire judgment?

3. Should the appeal be dismissed for failure of the appellant to cite specific errors from a transcript of the trial?

For the reasons stated in Part III below, we do not reach the second and third issues.

III.

Rule 6(a) of the Navajo Rules of Appellate Procedure requires that any notice of appeal and any other motions or papers filed in support of an appeal shall be served by personal service or by certified mail.

Rules governing the procedures in courts are made for the purpose of ensuring fairness to all parties. The particular reason for Rule 6(a) is to make certain that an appellee is notified of an appeal.

This Court is aware of language in various appellate court decisions to the effect that a procedural irregularity in taking an appeal may be disregarded by an appellate court in the interests of justice. See Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364.

Despite such language, this Court is of the opinion that

where there has not been compliance with notice and service provisions, the appeal may be dismissed, even on the court's own motion. See Mathews v. Donald, 263 Ala. 575, 83 So.2d 291 and Polizin v. National Cooperative Association, 179 Kans. 670, 298 P.2d 333, 335.

To rule otherwise would cause innumerable hearings of this nature in the future. In all cases in which an appellee fails to respond, this Court would have to conduct a hearing to determine if service was ever made and received. The Court does not wish to burden itself with that task.

The appeal in this matter is hereby dismissed.

BECENTI, Associate Justice and WILSON, Associate Justice, concur.