The Facts: The jury returned a verdict in favor of Alabama Power Company against Hartford Fire Insurance Company and Vanguard Industrial Corporation as joint tortfeasors, assessing "damages at $35,000." The verdict form contained the following additional language: "Vanguard — $25,000.00[,] Hartford — $10,000.00." The trial court struck the added language as surplusage.
The Issue: Is the challenged verdict invalid as constituting an illegal apportionment of damages among joint tortfeasors? We hold that it is and reverse the trial court's ruling in striking the apportionment language from the verdict form and entering a judgment against the Defendants for $35,000. *Page 838 
Decision: Although this exact issue has not been previously decided in any appellate court decision in Alabama, our holding of reversal is required by Anderson v. Kemp, 279 Ala. 321,184 So.2d 832 (1966), and City of Birmingham v. Hawkins, 196 Ala. 127,72 So. 25 (1916).
In City of Birmingham, the jury returned a verdict against two defendants for $50 each and the trial court entered a judgment against the defendants for $100. This Court held that the trial court's action effected a substantive, and thus a prohibited, revision of the jury verdict. The Court further held that the trial court should have refused the verdict and retained the jury for further deliberation with appropriate instructions to return a proper verdict. Because this was not done, the plaintiff was faced with two options in order to avoid the proscription against apportionment among joint tortfeasors: 1) dismiss as to one defendant and proceed to execute against the other; or 2) suffer an order granting a new trial as to both defendants. Layman v. Hendrix, 1 Ala. 212
(Ala. 1840).
In Anderson, the jury returned a verdict for $1,500 and added the words "$750 City Cab — $750 Kemp." Based on the plaintiff's dismissal of City Cab for its payment of $750 before trial and the trial court's instruction that the jury verdict should reflect the total amount of plaintiff's damages and then reduce that sum by the amount of City Cab's payment, the trial court entered a judgment against Kemp for $750. The Supreme Court affirmed, reasoning that the jury had followed the trial court's precise instructions with respect to the credit due Kemp after the pro tanto settlement between plaintiff and City Cab.
From these two cases emerges this principle: A jury verdict that assesses separate amounts (whether equal or unequal) against joint tortfeasors is an illegal verdict and is not subject to the trial court's correction by striking certain portions thereof as "surplusage." This rule was not violated inAnderson because that case was tried to a jury against only one defendant, and the three separate amounts shown on the verdict form were essential to an understanding of what amount the jury intended to award against that defendant.
The Plaintiff's argument that the trial court was justified in striking the apportionment aspect of the verdict, because the first part of the verdict assessed the Plaintiff's damages "at $35,000.00," is misplaced. While the jury, through its verdict form, clearly intended that the Plaintiff recover a total award of $35,000, it is equally clear that the jury intended that the award be apportioned between the joint tortfeasors — a result prohibited by law.
As in City of Birmingham, the trial court should not have accepted the instant verdict. Because the verdict was accepted and purportedly "corrected," the Plaintiff, upon this Court's reversal of the judgment and remand of this cause, may elect within 14 days of this Court's judgment to dismiss (nol-pros the verdict) as to one Appellant and proceed to execute as against the other; that is to say, in order to avoid the apportionment proscription, APCo, if it elects to execute, is constrained to choose between Vanguard Industrial Corporation and Hartford Fire Insurance Company in the amounts of $25,000 and $10,000, respectively. In that event, the trial court will enter the appropriate judgment; otherwise, the trial court is instructed to set aside the judgment appealed from and order a new trial as to both Defendants.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur. *Page 839