Buyers Conrad and Patricia Kresge sued Rosser, Gardner, and McNees, sellers; Bohannon Pest Control; and Walker-Waddell Realty, Inc., for fraud, wantonness, and breach of contract based on the sale of a house to the Kresges. The house was later found to contain termites. The sellers filed a cross-claim against the realtor and Bohannon; directed verdicts were granted in favor of Bohannon on all counts and in favor of the realtor on the breach of contract count. The case went to the jury against the sellers on fraud, wantonness, and breach of contract; against the realtor on fraud and wantonness; and on the sellers' cross-claim against the realtor. The jury returned a $60,000 general verdict in favor of the buyers against Rosser, Gardner, McNees, and Walker-Waddell Realty, assessing $15,000 against each of the four defendants,[1] The jury awarded $1 to Rosser, Gardner, and McNees on their cross-claim against Walker-Waddell Realty. The trial judge struck that part of the verdict apportioning the damages among the four defendants as surplusage and entered judgment against them in the amount of $60,000. Both the sellers and the realtor filed motions for new trial or, in the alternative, judgment notwithstanding the verdict, which were denied. There are two issues raised on appeal that merit our review.
 I
First, appellants contend that reformation of the apportioned $60,000 judgment was error under Vanguard Indus. Corp. v.Alabama Power Co., 455 So.2d 837 (Ala. 1984). In Vanguard, the jury returned a $35,000 verdict in favor of Alabama Power against Vanguard and Hartford Fire Insurance Company as joint tort-feasors. The verdict form apportioned that amount between Vanguard ($25,000) and Hartford ($10,000). The trial court struck this added language as surplusage, and this Court reversed, stating that "[a] jury verdict that assesses separate amounts (whether equal or unequal) against joint tort-feasors is an illegal verdict and is not subject to the trial court's correction by striking certain portions thereof as 'surplusage.' " Vanguard, 455 So.2d at 838.
Reversal is also warranted in this case, as it was inVanguard, based upon City of Birmingham v. Hawkins, 196 Ala. 127,72 So. 25 (1916). Compare Anderson v. Kemp, 279 Ala. 321,184 So.2d 832 (1966). In City of Birmingham, the city and one of its employees were sued as joint tort-feasors, in a personal injury action. The jury returned a verdict in favor of the plaintiff and against the defendants separately for *Page 575 
$50 each. The trial judge erased the original entry of the verdict on the trial docket sheet and substituted $100 as the judgment. This Court reversed, saying that "[the] plaintiff had the right to have the error corrected, but not in the way attempted by the lower court." City of Birmingham,196 Ala. at 131, 72 So. at 27. In the present case, the trial court should not have accepted the verdict and struck the added language.
As in City of Birmingham and Vanguard, the Kresges, upon this Court's reversal of the judgment and remand of this cause, may elect within 14 days of this Court's judgment which of the four defendants (Rosser, Gardner, McNees, or Walker-Waddell) it chooses to proceed against, for the sum of $15,000, and must dismiss the other three. Then the trial court will enter the appropriate judgment. Vanguard, 455 So.2d at 838. Otherwise, the trial court is instructed to set aside the judgment appealed from and order a new trial as to each defendant.
 II
The second issue is whether the trial court erred in granting Bohannon Pest Control's motion for directed verdict as to the sellers' cross-claim.
The sellers employed the realtor to sell the 40-year old house for them. After looking at the house three times, the Kresges signed a contract with the sellers, which provided: "Buyer requires termite letter. If any damage from termites, the house must be repaired and treated." Thereafter, the realtor contracted with Bohannon to do an inspection of the house, which it did. The termite letter Bohannon sent the realtor stated:
 "Based on careful visual inspection of accessible areas and on sounding of accessible structural members, there is no evidence of termite or other wood destroying insect infestation in the subject property, and if such infestation previously existed, it has been corrected and any damage due to such infestation has also been corrected.
". . .
 "We did find old signs of termite infestation, in the form of old tunnels on the foundation wall. We DID NOT find any visible termite damage in the property."
A separate inspection report and graph stated that there was visible evidence of subterranean termite activity in debris on the ground and in termite tunnels on foundation walls and that termites could be present in the building, possibly in the walls, even though not visible at the time.
"[T]his Court's function in reviewing a motion for directed verdict is to review the tendencies of the evidence most favorably to the non-movant, regardless of a view we have as to the weight of the evidence, and we must allow such reasonable inferences as the jury were free to draw, not inferences which we may think the more probable." Caterpillar Tractor Co. v.Ford, 406 So.2d 854, 856 (Ala. 1981) (citation omitted).
In reviewing the record in the light most favorable to the sellers, we find not the slightest glimmer of evidence to suggest fraud or wanton misconduct that would require the submission of the claim to the jury. The sellers produced nothing to dispute Bohannon Pest Control's business records showing that the letter, the inspection report, and the graph were all three sent to Walker-Waddell Realty on February 4, 1980.
 "To be sure, the trial Court must exercise extreme caution not to usurp the fact finding function of the jury; but it is the office of a directed verdict motion (Rule 50(a)) to test the sufficiency of the opponent's evidence. And where, as here, the strongest tendencies of all the evidence fall short of raising a reasonable inference of the movant's alleged liability, the motion is due to be granted. . . ."
Coburn v. American Liberty Ins. Co., 341 So.2d 717, 719 (Ala. 1977).
We therefore hold that the trial court's granting of the directed verdict in favor of Bohannon Pest Control was correct, and we affirm as to that issue. *Page 576 
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
[1] The jury verdict was a "general" verdict with respect to the separate and several theories of the plaintiffs claim but a special verdict with respect to the several defendants.