RICHARD L. HOLMES, Retired Appellate Judge.
This is a trespass case.
William B. Carwile and Ruby Carwile, his wife, purchased property on the west side of Marion Street in Athens, Alabama, in 1982. The Carwiles have operated a barber shop on this property since 1947.
Robert L. Reynolds and Vickie P. Reynolds, his wife, have owned and operated a Hallmark greeting card store in the building located adjacent to Carwile Barber Shop since 1984. In 1991 the Reynoldses purchased the building in which their business is located.
The roof of the building which housed the card shop leaked. The leakage problems were so severe that the roof collapsed in places. The Reynoldses hired Lee Haynes, a roofing contractor, to replace the roof on the building in which their card shop is located.
Haynes replaced the roof for the Reyn-oldses in December 1991. Prior to the replacement of the roof, the building owned by the Reynoldses had a flat, built-up roof, which was the same type of roof that was on the building owned by the Carwiles. When the building owned by the Reynoldses had a flat, built-up roof, which slanted front to back, the rainwater drained to the back of the building and did not empty onto the neighboring buildings. The replacement roof was a gabled roof, and rainwater spilled onto the neighboring buildings from a gabled roof.
In January 1992 the Carwiles filed a complaint against the Reynoldses and Haynes (defendants). The complaint alleged that the defendants had committed trespass. William Carwile (deceased) died in October 1992, and his son, Maurice Wayne Carwile, the executor of the deceased’s estate, was substituted as a party plaintiff.
The Reynoldses filed a counterclaim for trespass, wherein they alleged that the limbs from a tree located on the Carwiles’ property had caused damage to the roof of the Reyn-oldses’ building.
The case was tried before a jury. The jury returned a verdict in favor of the Car-wiles. The verdict form provided, in pertinent part:
‘We, the Jury, find in favor of the [Car-wiles] and against the following defendants):
“1. Robert L. Reynolds (12,500)
“2. Vickie P. Reynolds (12,500)
“3. Lee Haynes (10,000)
“and assess the [Carwiles’] compensatory damages excluding mental anguish at Thirty Thousand Dollars ($30,000).
‘We further find in favor of [the deceased], and assess his compensatory damages for mental anguish at Five Thousand Dollars ($5,000).
“It is our intention to assess total compensatory damages to the [Carwiles] of Thirty-five Thousand Dollars ($35,000).”
The trial court entered a judgment, wherein it awarded $30,000 in compensatory damages and $5,000 in damages for the deceased’s mental anguish against all three defendants, and $15,000 in punitive damages against Robert L. Reynolds.
The defendants filed a motion for a judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. This motion stated, in pertinent part: “[t]here was error in the amount of damages assessed against these defendants, separately and severally,” and “[t]he court’s order of February 17, 1994, did not conform to the jury’s verdict.” This motion was denied.
The defendants appeal. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue is whether the jury verdict assessing separate amounts against *937 the joint tortfeasors is an illegal apportionment of damages among the joint tortfeasors.
Our supreme court addressed this issue in Vanguard Industrial Corp. v. Alabama Power Co., 455 So.2d 837 (Ala.1984). Our supreme court’s opinion stated, in pertinent part:
“A jury verdict that assesses separate amounts (whether equal or unequal) against joint tortfeasors is an illegal verdict and is not subject to the trial court’s correction by striking certain portions thereof as ‘surplusage.’ ...
“... While the jury, through its verdict form, clearly intended that the Plaintiff recover a total award of $35,000, it is equally clear that the jury intended that the award be apportioned between the joint tortfeasors — a result prohibited by law.”
Vanguard Industrial Corp., 455 So.2d at 838.
Ala.Code 1975, § 12-3-16, provides, in pertinent part: “[t]he decisions of the supreme court shall govern the holdings and decisions of the courts of appeals....”
In light of the' above, the judgment of the trial court is due to be reversed and the cause remanded to the trial court. As in Walker-Waddell Realty, Inc. v. Kresge, 533 So.2d 573 (Ala.1988), and Vanguard Industrial Corp., 455 So.2d 837, upon this court’s reversal of the judgment and remand of this case to the trial court, the Carwiles may elect within 14 days of this court’s judgment which two of the three defendants (Robert Reynolds, Vickie Reynolds, Haynes) they choose to dismiss and which one of the three defendants (Robert Reynolds, Vickie Reynolds, Haynes) they choose to proceed against in the amounts of $12,500, $12,500 and $10,000, respectively. In that event, the trial court will enter the appropriate judgment; otherwise, the trial court will set aside the judgment appealed from and order a new trial as to all defendants.
The defendants raise several other issues on appeal. However, due to our determination regarding the dispositive issue, we appropriately pretermit discussion of the remaining issues.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.