RICHARD L. HOLMES, Retired Appellate Judge.
Robert L. Reynolds filed a petition for a writ of mandamus, requesting that this court direct the trial court to correct its order of December 19, 1994, to comply with this court’s decision in Reynolds v. Carwile, 650 So.2d 935 (Ala.Civ.App.1994), and to enter a judgment against him in the amount of $12,-500.
Reynolds involved an appeal by Reynolds and his two co-defendants from the trial court’s entry of a judgment, pursuant to the jury’s verdict. The jury’s verdict form provided, in pertinent part:
“We, the Jury, find in favor of the Plaintiffs and against the following defendant(s):
“1. Robert L. Reynolds (12,500)
“2. Vickie P. Reynolds (12,500)
“3. Lee Haynes (10,000)
“and assess the Plaintiffs’ compensatory damages excluding mental anguish at Thirty Thousand Dollars ($30,000).
‘We further find in favor of Plaintiff, William [B.] Carwile, and assess his compensatory damages for mental anguish at Five Thousand Dollars ($5,000).
“It is our intention to assess total compensatory damages to the Plaintiffs of Thirty-five Thousand Dollars ($35,000).
We, the Jury, further find in favor of the Plaintiffs and against the following defendants) for punitive damages:
“1. Robert L. Reynolds (15,000)
“2. _
“and assess the Plaintiffs’ punitive damages at Fifteen Thousand Dollars ($15,000).”
Thereafter, the trial court entered a judgment, wherein it awarded $30,000 in compensatory damages and $5,000 in damages for William B. Carwile’s mental anguish. This portion of the judgment was entered against all three defendants. The trial court also entered a judgment, awarding $15,000 in punitive damages against Robert L. Reynolds.
In Reynolds, this court determined the dispositive issue to be whether the jury verdict assessing separate amounts against the joint tortfeasors was an illegal apportionment of damages among the joint tortfeasors. We determined that the jury verdict was an illegal apportionment of damages among the joint tortfeasors and reversed the trial court’s judgment and remanded the cause to the trial court.
Our opinion in Reynolds, 650 So.2d at 937, stated the following:
“[U]pon this court’s reversal of the judgment and remand of this case to the trial court, the Carwiles may elect within 14 days of this court’s judgment which two of the three defendants (Robert Reynolds, Vickie Reynolds, [Lee] Haynes) they choose to dismiss and which one of the three defendants (Robert Reynolds, Vickie Reynolds, [Lee] Haynes) they choose to proceed against in the amounts of $12,500, $12,500 and $10,000, respectively. In that event, the trial court will enter the appropriate judgment; otherwise, the trial court will set aside the judgment appealed from and order a new trial as to all defendants.”
*1011 The Carwiles elected to proceed against Robert Reynolds and to dismiss Vickie Reynolds and Lee Haynes. Thereafter, the trial court issued an order, dismissing Vickie Reynolds and Lee Haynes. The order also entered a judgment against Robert Reynolds in the amount of $12,500 in compensatory damages, $5,000 in compensatory damages for mental anguish, and $15,000 in punitive damages. The judgment against Reynolds totalled $32,500.
Reynolds filed a motion for the trial court to correct its order to comply with this court’s decision in Reynolds. It was Reynolds’s contention in his motion that only $12,-500 could be recovered against him. The motion was denied.
As noted above, the jury verdict in this case awarded a total of $35,000 in compensatory damages against the three co-defendants. In our opinion, we determined the dispositive issue to be whether the jury verdict assessing separate amounts for the compensatory damages against the joint tortfea-sors was an illegal apportionment of damages among the joint tortfeasors. We determined that the jury verdict was an illegal apportionment of compensatory damages among the joint tortfeasors and reversed the trial court’s judgment and remanded the cause to the trial court.
Pursuant to our opinion, the Carwiles elected to proceed against Reynolds and to dismiss the remaining co-defendants. We find that the largest amount that they could recover from Reynolds for compensatory damages is $12,500. The jury’s verdict clearly stated that it was “[the jury’s] intention to assess total compensatory damages to the Plaintiffs of Thirty-five Thousand Dollars ($35,000).” The total of the illegal apportionment of compensatory damages ($12,500, $12,500, and $10,000) among the joint tortfea-sors is $35,000.
As noted above, the jury awarded punitive damages in the amount of $15,000 against Robert Reynolds. Punitive damages were not awarded against the other two co-defendants. We would note that in the prior appeal, Reynolds and his two co-defendants raised the issue of whether there was sufficient evidence to warrant a verdict for punitive damages. However, we pretermitted discussion of that issue because we did not know if the Carwiles would elect to proceed against only one defendant and to dismiss the remaining co-defendants. Additionally, if the Carwiles did so elect to proceed against only one defendant and to dismiss the remaining eodefendants, we did not know against which defendant they might elect to proceed.
We would note that the assessment of punitive damages was not illegally apportioned among the co-defendants, as the compensatory damages were. Punitive damages were assessed against Robert Reynolds only, and the trial court in its order of December 19, 1994, entered a judgment against Reynolds in the amount of $15,000 for punitive damages.
Since it is now germane to the resolution of this case, we will address the issue of whether there was sufficient evidence to warrant a verdict for punitive damages. We have reviewed the record from the prior appeal and find that there was evidence to support the award of punitive damages against Reynolds.
In light of the above, we find that the trial court could properly award damages against Reynolds totalling $27,500 ($12,500 in compensatory damages and $15,000 in punitive damages).
IT IS THEREFORE ORDERED that the writ of mandamus will issue unless the trial court, within 14 days from the date of this opinion, issues an order awarding damages against Reynolds in the amount of $12,500 in compensatory damages and $15,000 in punitive damages.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
WRIT GRANTED CONDITIONALLY.
All the Judges concur.