(89 South. 94)

### PATT v. WELSCH. (1 Div. 364.)*

(Court of Appeals of Alabama. Feb. 8, 1921.
Rehearing Denied April 5, 1921.)

**1. Appeal and error ⬦1027—Error in ruling on question of liability not considered on plaintiff's appeal from judgment in his favor.**

Where plaintiff appeals from a judgment in his favor, the appellate court will not consider as reversible error any ruling of the trial court, which bears merely on the naked question of defendant's liability and does not affect the amount of damages recovered; such error being without injury to plaintiff.

**2. Appeal and error ⬦1078(1)—Errors not discussed nor mentioned in appellant's brief considered waived.**

Assignments of error, which are not discussed and no mention of which is contained in appellant's brief, must be treated as having been waived.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by Joseph Patt against R. G. Welsch for breach of contract. Judgment for plaintiff in an insufficient amount, and he appealed. Affirmed.

The suit was against Welsch as the surety on the breached contract entered into by plaintiff, by Frank and Leo Flinn, for the rent of a two-story building, and claimed the sum of $1,342, together with attorney's fees. The judgment was for $287.86. The theory on which the case was decided sufficiently appears from the opinion of the court.

G. C. Outlaw and Brown & Kohn, all of Mobile, for appellant.

Counsel discuss, with citation of authority, the ruling on the pleading; but, in view of the opinion, it is not deemed necessary to here set them out.

Inge & Kilborn, of Mobile, for appellee.

Counsel discuss the pleadings also; but, in view of the opinion, it is not deemed necessary to here set them out.

BRICKEN, P. J. Appellant, plaintiff in the court below, sued appellee upon a contract of lease, and recovered a judgment for less than the amount sued for, and from this judgment the plaintiff prosecutes this appeal.

The assignments of error are based upon the action of the court in rulings upon the pleadings, rulings upon the admission of testimony, and exceptions to the court's oral charge.

[1] The well-settled rule is that, where the judgment appealed from was in favor of the plaintiff and plaintiff appeals, the appellate courts will not consider as reversible error any rulings of the primary court which bear merely on the naked question of the defendant's liability, and not affecting the amount of the damages recovered, however erroneous it may be in fact, because, if error, such ruling is error without injury to the plaintiff. Randle v. Birmingham Railway, Light & Power Co., 169 Ala. 314, 53 South. 918; State v. Montgomery Sav. Bank, 199 Ala. 365, 74 South. 942; Carrington v. L. & N., 88 Ala. 475, 6 South. 910; Donovan v. S. & N. A. R. R., 79 Ala. 429; Holloway et al. v. Henderson Lumber Co., 203 Ala. 246, 82 South. 344.

Assignments of error 1 to 10, inclusive, are based upon the rulings of the court upon the pleadings. Upon an examination of the pleadings, we find each of these rulings bear "merely on the naked question of the defendant's liability," and, under the authorities, supra, we are not authorized to review them on this appeal.

Assignment of error 17 is based upon an exception to the court's oral charge. This also bears merely on the question of defendant's liability, and for the same reason cannot be reviewed.

[2] Assignments of error 11, 12, 13, 14, and 15 are based upon the rulings of the court upon the admission of testimony, and assignment of error 16 is based upon an exception to the oral charge of the court. While these several matters are assigned as error upon the record, none of them are discussed, and no mention thereof is contained in appellant's brief, and therefore they must be treated as having been waived. Fealy v. Birmingham, 15 Ala. App. 367, 73 South. 296.

The judgment of the circuit court is affirmed.

Affirmed

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Certiorari denied 206 Ala. 196, 89 South. 432.