40 So.2d 442

## DAVIS v. ORUM.

2 Div. 775.

Court of Appeals of Alabama.
March 29, 1949.

Rehearing Denied April 19, 1949.

Wilkinson & Wilkinson, of Selma, for appellant.

Harry W. Gamble, of Selma, for appellee.

388

CARR, Judge.

In this case the plaintiff, J. K. Orum, sued Ezell Lee and James C. Davis jointly. The cause of action is incident to a collision between a truck driven by Lee and an automobile driven by Mr. Orum. It is claimed that the driver of the truck was acting at the time as the agent of Mr. Davis.

The defendant Lee refused or failed to plead further and a judgment nil dicit with writ of inquiry was rendered against him.

■ Subsequently to the time this order was made and before entering into the main trial, the defendant Davis moved the court that he be granted a severance. He took the position that because of the indicated procedure the issues were no longer joint. The motion was denied. It is insisted that in this ruling the court fell into error. We are not in accord with this position.

The mere fact that the judgment nil dicit with writ of inquiry was ordered did not bring to a finality all matters incident to the proceedings as against the defendant Lee. There still remained the question of the ascertainment of the amount of sustained damages.

The jury returned two separate verdicts in favor of the plaintiff. One against Ezell Lee in the sum of $700, the other in the same amount against appellant, James C. Davis. Appellant's counsel did not interpose any objections to the forms of the verdict when the jury made its report. Accordingly two separate judgments were entered.

A motion for a new trial poses the position that the verdicts were contrary to law, in that the defendants were sued jointly and the jury apportioned the damages. The point is taken also that the verdicts are excessive. The action of the court in overruling the motion for a new trial is here presented for our review.

■ Damages cannot be separately apportioned among joint defendants in a tort action. City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276; Watt v. Combs, 244 Ala. 31, 12 So.2d 189, 145 A.L.R. 667; City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25.

■ A careful consideration of the record in the instant case does not warrant the conclusion that the above stated rule was violated.

The amount of damages claimed in the complaint is only $1,000. The evidence does not sustain a finding in a greater amount.

The trial judge in his oral charge explained to the jury the methods and standards by which the amount of damages should be determined. Following this, he stated:

"Now, gentlemen of the jury, if after a consideration of all the evidence in the case, you are reasonably satisfied of the truth of every material averment in the complaint, in that event, you should find a verdict in favor of the plaintiff and against the defendant James C. Davis. In which event, the form of your verdict would be: We, the jury, find the issues in favor of the plaintiff and against the defendant James C. Davis, and assess the plaintiff's damages at blank dollars, guided by the rule for assessing damages that the Court has laid down for you."

"Now, the form of verdict, gentlemen of the jury, with reference to the defendant Ezell Lee is simply your answer to this writ of inquiry; and that form of verdict, gentlemen of the jury, is: We, the jury, assess the plaintiff's damages against the defendant, Ezell Lee, at blank dollars. And you would be guided by the rules laid down to you for measuring damages, the rules the Court has laid down for you to measure damages by."

"For your convenience the Court has prepared three forms of verdict. One, of course, as you know, is as to the defendant Ezell Lee, and that is assessing the damages. The other two forms of verdict, gentlemen, is your answer as to the issues

involved between the plaintiff and the defendant James C. Davis—one in favor of the defendant James C. Davis, and one in favor of the plaintiff and against the defendant James C. Davis. By preparing these forms—they are submitted to you by agreement of the attorneys for both sides—and they are simply submitted to you by the Court for your convenience; and there is no suggestion on the part of the Court as to which one of these verdicts you find, except, of course, in the case against the defendant Ezell Lee. You will sign that one, but after making up your minds and determining what the amount of the damages involved is, and insert that in there; but as to the other two, between the plaintiff and the defendant James C. Davis, that is up to you gentlemen; and you will discharge that burden."

Unquestionably it would not have invited so much confusion if the court had not submitted separate forms of verdicts. However, it is indicated in the oral charge that this procedure was in accord with agreement of counsel. The jury, therefore, was put to the task of responding to the instructions in the manner suggested by the court.

It is clear to us that the verdicts under the circumstances do not evince an attempt to fix the amount of recovery at $1,400 and apportion this in equal sums against each defendant.

Clearly the case of City of Birmingham v. Hawkins, supra, is not controlling. There the trial judge changed the amount in the verdict and the alteration related to a matter of substance.

In the case of City of Tuscaloosa v. Fair, supra, the first verdicts sought to apportion the amount of recovery and it was so declared by the jury. After proper instruction from the court and a reconsideration of the matter, the jury responded with a verdict in due form. Justice Foster, writing for the Supreme Court, held that this corrective procedure was authorized.

This disposes of all questions which are presented for our review.

The judgment of the court below is ordered affirmed.

Affirmed.