Harvel H. COSPER and Stella Cosper, Appellants,

v.

SOUTHERN PACIFIC COMPANY, a corporation, Appellee.

No. 17396.

United States Court of Appeals Ninth Circuit.

Dec. 28, 1961.

Rogge, Rogge & Stark, Thomas Stark, Tucson, Ariz., for appellant.

Boyle, Bilby, Thompson & Shoenhair, Richard B. Evans, B. G. Thompson, Jr., Tucson, Ariz., for appellee.

Before HAMLIN, MERRILL and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

Appellants filed an action in the United States District Court for the District of Arizona against appellee for damages and equitable relief arising from appellants' claim that appellee breached an implied contract to maintain ditches and dykes on an easement granted by appellants' predecessors in interest to appellee's predecessors in interest. Jurisdiction in the district court was based on diversity of citizenship (28 U.S.C.A. § 1332). The case was tried to a jury. At the conclusion of the evidence the district court instructed the jury, and then the jury retired to consider the case.[1]

After the jury had been deliberating for some hours it indicated that it had some questions. The jury returned to the court, and in answer to a written question submitted by the jury the district judge gave a further instruction concerning the "Act of God" defense raised by appellee. The jury then retired a second time, returning a verdict for appellee after a short deliberation. A motion for a new trial was later denied by the district court and this timely appeal followed. This court has jurisdiction under 28 U.S.C.A. § 1291. Appellants' contention is that the instruction given by the court in answer to the jury's written question was in conflict with the court's prior instructions upon the same subject.

■ Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. *No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the*

---

1. The instructions given to the jury before the case was submitted are set forth in an agreed statement of facts in the record.

*matter to which he objects and the grounds of his objection.* Opportunity shall be given to make the objection out of the hearing of the jury." [Emphasis added.]

Appellant made no objection to the original instructions given by the district judge nor to the later instruction given by him in answer to the jury's written question. The provisions of this rule were not complied with and appellant may not now complain of any error or inconsistency in the instructions.

Appellant contends, however, that he was foreclosed from making any objection to the later instruction because at the conclusion of the instruction the record shows the following proceedings:

"THE COURT: Very well, have I answered the questions you had now?

"THE FOREMAN: Yes, your Honor, you have.

"THE COURT: Well then supposing you retire then and continue your deliberations."

The last sentence of Rule 51 provides, "Opportunity shall be given to make the objection out of the hearing of the jury." The "objection" referred to in this sentence is that set forth in the previous sentence of the rule which requires that counsel state "distinctly the matter to which he objects and the grounds of his objection." We do not interpret this to mean that the judge must invite criticism of his instructions. If counsel desires to object he should so indicate. He could say, "May we approach the bench?" or "We desire to discuss a matter with the court" or any one of a number of statements that would indicate to the court that he desired to make an objection. By doing so counsel is not placed in the attitude of any apparent antagonism to the trial judge as appellant apparently contends.[2] When such indication has been made the court, of course, should give counsel the opportunity of detailing the points of their objection out of the hearing of the jury in accordance with Rule 51.

■ The purpose of Rule 51 in general is to give the trial judge an opportunity to reconsider any ruling that he may have made, and if he is convinced that he is in error to reinstruct the jury prior to its deliberation.[3] Of the opportunity for counsel to register their objections out of the hearing of the jury, it has been stated:

"The purpose of this rule is to afford counsel full opportunity to state frankly and fully his objections to the instructions without influencing or confusing the jury on matters about which it has no concern."[4]

■ The trial of a case is an adversary proceeding and we see no reason to relieve counsel from the requirement to make known his desire to object to the court's instructions before the retirement of the jury. We, therefore, hold that counsel must indicate in some manner before the jury retires that he desires to make an objection to the instructions before he can successfully contend that the court has failed to comply with the provisions of Rule 51.

If there is any contrary holding in the cases cited by appellants,[5] and we do not think that there is, we decline to follow it.[6]

---

2. Frequently during a trial counsel makes an objection which is overruled by the court and such action is not held to place counsel in the attitude of antagonism to the trial judge.

3. See, e. g., Richfield Oil Corp. v. Karseal Corp., 271 F.2d 709, 722 (9th Cir. 1959). See generally Moore, Federal Practice, Ch. 51 (2d ed.).

4. Downie v. Powers, 193 F.2d 760, 767 (10th Cir. 1951).

5. Schaffer v. United States, 221 F.2d 17, 54 A.L.R.2d 820 (5th Cir. 1955); Lovely v. United States, 169 F.2d 386 (4th Cir. 1948). Both cases were concerned with Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which is the same as Rule 51 of the Federal Rules of Civil Procedure.

6. In Bostwick v. United States, 218 F.2d 790 (5th Cir. 1955), also cited by the appellants, the court was presented with

Even though under our view of the case we have no obligation to go into the merits of the appellants' contentions on this appeal, we have examined the original instructions and the later instruction given by the trial judge in answer to the written question; and we see no substantial conflict between them.

The judgment is affirmed.

the same contention which is made by the appellants in the instant case; however, the court declined to rule on the question since under its view there was no prejudice to the appellant in any event. In footnote 1 of the opinion it was made clear that the position of the district judge was similar to the position that we have taken in this case. The district judge said:

"[I]t is my practice not to call the jury's attention to any exceptions or objections that the attorneys either in civil or criminal cases want to take to my charge; but rather to put the onus on the attorneys to approach the bench."