184 So.2d 832

**Thomas W. ANDERSON**

v.

**Charles W. KEMP, Sr., et al.**

6 Div. 209.

Supreme Court of Alabama.

March 31, 1966.

———◆———

Anthony L. Cicio, Jones, Fowler, Propst & Topazi, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellees.

SIMPSON, Justice.

This is an appeal on the record from a judgment rendered in favor of the plaintiff and against the defendants. Appellant here was the plaintiff below. The original complaint, and the complaint as last amended, contained two counts wherein the plaintiff claimed damages for injuries received while riding as a passenger in a City Cab Company taxicab, against the City Cab Company, and its driver, Dan Rather Strother, the Kemps, partners doing business as Kemp's Garage, and Kemp's driver James Hibbler.

On the day of trial, prior to the striking of the jury, a pro tanto settlement was reached between the plaintiff and City Cab Company and its driver. It was agreed that $750 would be paid to plaintiff in behalf of City Cab Company and its driver·

and that plaintiff would execute a pro tanto release in favor of these defendants. After this agreement was reached, the attorneys for the plaintiff announced in open court that they (these defendants) were stricken as parties defendant. The case proceeded to trial against the remaining defendants, the appellees here.

At the conclusion of the evidence, the court charged the jury (parts of which charge will be set out below) and the jury returned its verdict in the following form:

"We, the jury find for the plaintiff and against the defendants and assess his damages at Fifteen Hundred ($1,500.00) Dollars ($750.00—City Cab Company $750.00—Kemps)."

The minute entry further shows:

"It is further ordered and adjudged by the court that the defendant City Cab· Company, Incorporated be and it is hereby released and judgment is rendered in favor of the plaintiff and against the defendants, Charles W. Kemp, Charles W. Kemp, Jr., and James Hibbler, Jr. for the sum of Seven Hundred Fifty ($750.-00) Dollars and all costs herein accrued for which execution may issue."

Thereupon the court rendered its judgment based upon the verdict of the jury against the defendants Kemps and their driver in the amount of $750.

Plaintiff filed a motion for a new trial in which the issues raised are the points assigned as error and argued on this appeal:

1. The court erred in its oral instruction to the jury. The appellant contends that the effect of the court's charge was to instruct the jury that in order to find for the plaintiff, it must find concurring negligence on the part of the defendants stricken before the trial.

2. The court erred in that it rendered its judgment upon an irregular verdict of the jury.

We disagree with the appellant that the court's charge was to the effect that the plaintiff could not recover unless the jury found that his injuries were the proximate result of the combined and concurring negligence of all defendants, including those stricken before trial. The court carefully explained to the jury that City Cab Company and its driver were out of the case, stating:

> "Now, as has been stated to you, originally this complaint had this other defendant in it, that is the City Cab Company, and a man by the name of Strother. As has been related to you, these defendants have been eliminated from your consideration, so you only have the two Kemps and James Hibbler as defendants in this case."

Further,

> "You take into consideration those circumstances of that time and determine from those circumstances whether or not this defendant, or these defendants, or either this defendant, Kemp—the two Kemps and Hibbler, or the City Cab and Strother were guilty of negligence under those circumstances that proximately contributed to the injuries of this plaintiff. * * *

> "Now, gentlemen, when you get back there if you are reasonably satisfied from all the testimony in this case that the defendants, the Kemps and James Hibbler were guilty of negligence that proximately contributed to the injuries of this man, or if you are reasonably satisfied from the evidence in this case that the City Cab Company and Strother along with the Kemps and Hibbler both were guilty of negligence that proximately contributed to the injuries of this plaintiff, Mr. Anderson, then you would come down to the point, gentlemen of the jury, of the question of damages."

We do not agree with the appellant's interpretation of this charge and even so, this point is unavailable to him on this appeal. It has long been the law in Alabama that this Court does not consider on an appeal by the winning party any ruling or action by the trial court bearing on the liability of the other party and not affecting the amount of damages recovered. Holloway v. Henderson, 203 Ala. 246, 82 So. 344; Cocke v. Edwards, 215 Ala. 8, 108 So. 857; Patt v. Welsch, 18 Ala.App. 82, 89 So. 94, cert. den. 206 Ala. 196, 89 So. 432.

We turn now to the assignments of error complaining that the verdict of the jury was irregular and that the court erred in entering judgment upon it.

Unquestionably good trial practice requires and it is settled in this state that in actions against joint tort-feasors a single verdict is required and the jury cannot apportion damages between them. City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25; Laymon v. Hendrix, 1 Ala. 212; City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276; Bull v. Albright, 254 Ala. 29, 47 So.2d 266; Bell v. Riley Bus Lines, 257 Ala. 120, 57 So.2d 612.

It is equally well settled, however, that a person injured by joint tortfeasors may accept partial satisfaction and release one or more pro tanto and proceed against the others. However, the tortfeasors not so released may plead the release as a bar to that amount paid by the released tortfeasor or may place it in evidence showing payment for the injury up to the amount shown in the release. Steenhuis v. Holland, 217 Ala. 105, 115 So. 2; Wright v. McCord, 205 Ala. 122, 88 So. 150.

Any amount received by a party as compensation for his injuries, whether under a covenant not to sue, a conditional release, or any other kind of arrangements, should be applied as a pro tanto reduction upon damages recoverable from another joint tortfeasor.—Steenhuis v. Holland, supra; McCoy v. Louisville & N. R. R. Co., 146 Ala. 333, 40 So. 106.

We do not find the verdict rendered here violative of the principles laid

down in City of Birmingham v. Hawkins, supra, and cases following. In the instant case the Court told the jury that:

> " * * * if you are reasonably satisfied from all of the evidence in this case that both of the defendants were guilty of negligence, then in fixing the full amount of the damages, gentlemen, you would give credit to and allow that $750 that has already been paid, and that other defendant is eliminated. He would be entitled to that much credit. In other words, either defendant if you are reasonably satisfied that they are jointly— or that is, I won't say jointly, but were guilty of negligence, that the combining and concurring negligence proximately caused the injuries, as I say, either one of these defendants would be liable for the full amount. But the testimony in this case is that $750 has been paid; *so when you reach that full amount, if you do find for the plaintiff, you would give credit and reduce that judgment or that verdict in the amount of $750."* (Emphasis supplied.)

As noted, we do not believe City of Birmingham v. Hawkins, supra, controlling here. Rather, we think Davis v. Orum, 34 Ala.App. 387, 40 So.2d 442, cert. den. 252 Ala. 218, 40 So.2d 444, in point. There the jury returned two forms of verdicts at the suggestion of the court. One was for the plaintiff and against one defendant in the sum of $700; the other in favor of the plaintiff and in the same amount against the other defendant. There it was held that the verdicts under the circumstances did not evince an attempt to fix the amount of recovery at $1,400 and apportion this amount in equal sums against each defendant. Such we think is the case before us. In this case, as well as in the Davis v. Orum case, supra, the jury was simply responding to the instructions of the court in the manner suggested by the court. Here the court told the jury that it should first determine the total amount of damages suffered by plaintiff, if any; then they were instructed to credit this amount by

$750 already paid by the eliminated defendant. The net was to be the amount of the verdict. It would appear to us that this is exactly what the jury did. If it had ended its verdict without the addition of the words, "$750 City Cab Co.—$750 Kemps", it might not have been certain that they had given credit for the $750 paid by City Cab Co. We think there is every reason to believe that no effort was made to apportion damages between these parties, particularly inasmuch as one set of defendants was not before the court and this fact was emphasized to the jury several times by the court in its oral charge. We think it is clear that the verdict for the plaintiff in this case against these defendants was $750 after giving credit in favor of defendants for the amount paid under the pro tanto settlement.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.