318 So.2d 690

**Eddie L. MOON**

v.

**Dr. Jack R. NOLEN and Baptist Memorial Hospital.**

**SC 916.**

Supreme Court of Alabama.

July 31, 1975.

Ralph E. Coleman, Birmingham, for appellant.

Dortch, Wright & Ford, Gadsden, for appellees.

BLOODWORTH, Justice.

Appellant, Eddie L. Moon, brought this medical malpractice action against defendants, Dr. Jack Nolen and Baptist Memorial Hospital, seeking to recover for the death of appellant's premature infant. The Circuit Court of Etowah County entered judgment on a jury verdict for defendants and plaintiff has appealed to this Court. We affirm.

About twenty-four weeks into her pregnancy, appellant's wife was admitted to Baptist Memorial Hospital where, under the care of Dr. Nolen, she gave premature birth to an infant male who weighed only two pounds, three ounces (996 grams), and who suffered from severe respiratory distress. Dr. Nolen attempted to aid the infant's respiration by means of skin stimulation and artificial respiration, but no oxygen was administered in the delivery room. Dr. Nolen pronounced the infant dead and the infant was covered with a blanket and

taken to the "suspect nursery," a room used to isolate deceased infants and infants with contagious diseases. Dr. Nolen then informed the family that the infant had died. When the grandparents were taken to the "suspect nursery," at their insistence, to see the infant, they discovered he was still alive. The infant was later removed to the regular nursery where oxygen was administered.

Hospital personnel testified that the child was taken to the regular nursery at 4:35 p.m., as recorded in the hospital record. However, the infant's grandparents testified that he was not removed from the "suspect nursery" until approximately 5:35 p.m. An examination of the hospital record shows that the original entry was "5:35" and that a "4" had been written over the "5." A nurse testified she made an error in the original entry and corrected it.

At 6:00 p.m., hospital personnel summoned a pediatrician, Dr. Griffith. The infant was not attended by a physician from the time it left the delivery room until Dr. Griffith's arrival at 6:15 p.m. Dr. Griffith found the child suffering from a severe acid imbalance in the blood caused by lack of oxygen resulting from the infant's respiratory distress. Dr. Griffith testified that he prescribed and administered the drug sodium bicarbonate in an attempt to remedy the child's acid imbalance. The hospital record, however, indicates that the infant was administered magnesium sulfate. (Magnesium sulfate is commonly prescribed to achieve results the opposite of those for which sodium bicarbonate is commonly prescribed.) A nurse testified that magnesium sulfate was not actually given the child but that its entry in the hospital record was merely an error. (Testimony at trial indicated that in premature deliveries the obstetrician sometimes advises the parents to obtain a pediatrician to be present at the delivery. In this case, however, that advice was not given.)

After initial improvement in response to Dr. Griffith's treatment, the infant's acid imbalance reached a level inconsistent with life and the infant died the next day, within 24 hours of its birth.

After a jury verdict for defendants, appellant filed a motion for new trial which the trial court denied. On this appeal, appellant asserts the grounds set out in his motion for new trial as the basis for a reversal of the judgment of the trial court.

1. Appellant contends that the trial court committed reversible error in excluding plaintiff's exhibit number 3, a photograph depicting the deceased infant in its casket. Appellant offered the photograph as bearing on a material fact in issue, the infant's physical condition. It is beyond dispute that the infant's physical condition was a central issue in the trial court. Dr. Nolen's defense was based on the contention that his treatment was the proper care and treatment to be accorded the infant and was justified in view of the child's weight and gestational age; that infants of that weight and age were not usually expected to survive; and that no support is normally given to premature infants with such a poor chance for survival. Dr. Griffith testified, however, that the determination to place a premature baby aside without support varies with the general physical condition of the child, as well as its age and weight. Appellant contends that the photograph was relevant to the jury's determination respecting Dr. Nolen's care and treatment of the infant, that it would have impressed upon the jury the fact that the child was normal—that he bore the physical appearance of humanness and was not merely "a blob of protoplasm."

■ A photograph is "generally relevant and admissible for the purpose of explaining and applying the evidence" when it enables the jury "to have a better understanding of a person, place, object or conditions." *Thompson v. Magic City Trucking Service,* 275 Ala. 291, 296, 154 So.2d 306, 311 (1963).

Nevertheless, the application of the rule to a particular photograph offered for admission remains a matter within the sound discretion of the trial court. The trial judge is vested with discretion not only in his determination as to the preliminary proofs offered to identify the photograph or to prove that the photograph is an accurate representation of the objects it purports to portray (*International Union, etc. v. Russell,* 264 Ala. 456, 88 So.2d 175 (1956), *aff'd* 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030 (1958)), but also in his determination of whether the picture will aid the jury or tend to confuse or prejudice it. (*International Union, etc. v. Russell,* supra). The discretion of the trial court in such matters is not reviewable in the absence of a gross abuse of that discretion. *Godwin v. Jerkins,* 282 Ala. 11, 208 So.2d 210 (1968).

We have examined the photograph in question and find that it justifies its exclusion by the trial court. The photograph is a small one, taken some distance from the casket, showing only the infant's head, the body being completely covered. The photograph does not illustrate the normalcy of the child's physical development nor does it provide any reference point from which his size may be judged. Although the photograph was offered to support appellant's contention that Dr. Nolen was negligent in his judgment as to the infant's chance for survival, judged as of his condition at birth, the photograph was taken at a time when the child's appearance was quite different from that as of the time of his birth. Testimony at trial indicated that at birth the child's head was discolored due to its respiratory problems, this being one of the factors upon which Dr. Nolen made his determination as to the condition of the child. There is some evidence which indicates that at the time this photograph was taken, the infant's discoloration had disappeared since the body had already been put through the embalming process. In short, the evidence supports the trial judge's decision to exclude the photograph for the purpose for which it was offered. We find

no abuse of discretion in the exclusion of this exhibit.

2. In the course of appellant's cross-examination of co-defendant Nolen on the occasion of the taking of his deposition, the following question was posed:

"And whatever changes have been made on the hospital record were made when you first came back to review?"

The trial court sustained an objection to the question and appellant contends this ruling denied appellant's right to the "thorough and sifting" cross-examination guaranteed under Title 7, section 443 of our Code.

The scope and extent of cross-examination is a matter reserved for the sound discretion of the trial court. The exercise of discretion in the limitation of cross-examination is not reviewable in the absence of gross abuse. *Moody v. Stanfield,* 292 Ala. 185, 291 So.2d 301 (1974). Moreover, prejudicial error must be shown. *Carlisle v. Miller,* 275 Ala. 440, 155 So.2d 689 (1963).

We find no abuse of discretion by the trial court in this instance for at least two reasons. First, the sustained objection was that "He is asking for a conclusion of the witness." Opposing counsel specified that their objection was to "the form of the question" and the judge was equally specific, as is evidenced by his explanation, "I am going to sustain the objection; I think it calls for a conclusion." This ruling left counsel for appellant free to rephrase his question and to pursue the same information. Second, the record does not support the charge that appellant was deprived of a "thorough and sifting" cross-examination. In fact, the record refutes this contention. Appellant read into evidence parts of the witness' deposition, comprising 38 pages of the record, his cross-examination of the witness comprising 36 pages of the record, and his re-cross-examination comprising 7 pages of the record. The objection in question was the *only*

objection made during the entire course of appellant's examination of this witness. Thus, it is clear that appellant was not denied an opportunity for a "thorough and sifting" cross-examination of the co-defendant.

Moreover, appellant could have sought the same information from Dr. Nolen himself when the latter took the stand and testified. As this Court wrote in *Jordan v. State*, 267 Ala. 361, 102 So.2d 4 (1958): "Considering the record as a whole, we do not think there was any abuse of sound discretion in the rulings upon the cross-examination." 267 Ala. at 365, 102 So.2d at 8.

3. Rule 51 of the Alabama Rules of Civil Procedure provides that a party may not assign error with respect to the court's charge unless he makes a specific objection to the alleged error before the jury retires. Although appellant did not comply with the requirements of Rule 51, he now seeks a review of certain portions of the court's charge to the jury. Appellant was given opportunity to preserve his objections to the court's charge when, at the close of the court's initial instructions to the jury, the court requested counsel to present their exceptions outside the jury's presence. Appellant made no exceptions at that time.

The federal case law is to the effect that it is incumbent upon counsel to assert the right to preserve exceptions and that such right may be waived by a failure to so assert. *Swift v. Southern Ry.*, 307 F.2d 315 (4 Cir. 1962); *Cosper v. Southern Pac.*, 298 F.2d 102 (9 Cir. 1961).

Appellant appears to contend, in brief, that the errors presently asserted were sufficiently preserved by counsel's conversation with the court in chambers. We have carefully reviewed these proceedings and we can nowhere find any objections, or grounds therefor, as specifically required by Rule 51, A.R.C.P., to preserve the alleged error. We conclude that appellant's failure to properly preserve his exceptions to the court's charge constitutes a waiver of the alleged error.

4. After several hours of deliberation, the jury requested that it be recharged. At first, the trial court refused this request upon appellant's objection. After a week-end recess, the court re-considered the jury's request and recharged the jury by reading a transcript of the original instructions. Again, appellant made no specific objection thereto in accordance with Rule 51, A.R.C.P. Appellant, however, did object to the court recharging the jury. Appellant now contends that this repetition of the court's original charge "re-emphasized" the prejudice to appellant originally injected by the court's initial charge. In view of appellant's failure to preserve exceptions to the error allegedly injected during the initial charge, appellant cannot now be heard to complain of the cumulation of such error allegedly caused by the court's recharge.

In the case of *American Pamcor, Inc. v. Evans*, 288 Ala. 416, 261 So.2d 739 (1972), this Court recognized the trial court's discretion in the giving of additional instructions, particularly when done at the request of the jury. We find no merit in appellant's contention that the court's re-charge constituted reversible error.

5. Appellant further contends that reversible error was committed in the court's denial of appellant's motion for new trial on the grounds that one juror failed to respond truthfully on voir dire. A juror had failed to indicate on voir dire that his wife was currently a patient in the defendant hospital. Appellant's counsel had asked jurors whether they "have any relationship" with the hospital or "have done business" with it.

Such a denial of motion for new trial by the trial court strengthens the presumption of the correctness of the jury's verdict. *South Highlands Infirmary v. Camp*, 279 Ala. 1, 180 So.2d 904 (1965).

In *Norris v. Presley*, 292 Ala. 155, 290 So.2d 643 (1974), this Court held

that the determination of probable prejudice arising out of a juror's failure to properly respond on voir dire is a matter within the sound discretion of the trial court and is not subject to review in the absence of an abuse of discretion. We find no abuse of discretion under the facts of this case. The evidence before the trial court, if believed, supports his ruling. Specifically, there was evidence before the court to support the proposition that counsel for appellant were speculating on the outcome of the case because one of appellant's counsel (who was in the same Sunday school class with the juror and was personally acquainted with him) had learned of the juror's wife's being in defendant hospital before the trial was over but made no effort to bring the matter to the attention of the court.

Moreover, we think the question as phrased is vague and indefinite in asking as to "relationship" and having "done business" with the hospital. It may not have been clear to the juror that the hospitalization of his wife constituted a "relationship" (a generic term) or amounted to having "done business" (a past occurrence).

Finally, appellant submits that the verdict was contrary to the great preponderance of the evidence. In support of this contention, appellant lists several facts in evidence which strongly suggest that defendants' negligence constituted a violation of the duty of care owed by them to appellant's child. However, after having reviewed the record in this case, we find that the tendencies of the evidence most favorable to the defendants support the jury's verdict in their favor.

We reiterate as we did in *Hodges & Company, Inc. v. Albrecht,* 288 Ala. 281, 259 So.2d 829 (1972), the holding, viz:

" * * * New trial was sought on grounds that the jury's verdict was not sustained by the great preponderance of the evidence."

\* \* \* \* \* \*

" ' * * * This court has held many times that verdicts are presumed to be correct and no ground of a motion for a new trial is more carefully scrutinized than that the verdict is against the weight of the evidence. *Dollar v. McKinney,* 267 Ala. 627, 103 So.2d 785. Furthermore, verdicts are presumed correct and the presumption in favor of the correctness of the verdict is strengthened when a new trial is denied by the court. *Mintz v. Millican,* 266 Ala. 479, 97 So.2d 769. Furthermore, on appeal from a judgment for the plaintiff this court must review the tendencies of the evidence most favorable to the plaintiff allowing such inferences as the jury was free to draw. *Jeffrey Mfg. Co. v. Hannah,* 268 Ala. 262, 105 So.2d 672.' *Grandquest v. Williams,* 273 Ala. 140, 135 So.2d 391 (1961).

"See, 15A Ala.Dig., New Trial, ⊷72.

"Moreover, this court has held that,

" ' * * * "the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."—*Cobb v. Malone,* 92 Ala. 630, 9 So. 738, 740.' *Southern Railway Company v. Reeder,* 281 Ala. 458, 204 So.2d 808 (1967).

"See, 2A Ala.Dig., Appeal and Error, ⊷1003.

"[7] We have reviewed the pertinent evidence in this case, and concede that it presents a close case on the facts. However, in view of the presumptions in fa-

**462**

vor of the trial court's ruling, as well as the jury's verdict, we cannot say that 'the preponderance of the evidence against the verdict is so decided as to clearly convince' this court that the verdict was wrong and unjust."

288 Ala. at 285–86, 259 So.2d at 832.

We do not find "the preponderance of the evidence against the verdict . . . so decided as to clearly convince the court that it is wrong and unjust," and must therefore affirm the judgment below.

In view of the result we reach, we need not consider the efficacy of the appellees' several motions, to strike the transcript of the evidence and to strike the record transcript.

Affirmed.

HEFLIN, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.