Plaintiff, Larry Von Haden, filed this action in Jefferson Circuit Court against defendant, Bucyrus-Erie Company, and others, seeking to recover damages for personal injuries sustained as the result of an industrial accident. The complaint alleged negligence and liability under the Alabama Extended Manufacturer's Liability Doctrine. During the course of the trial, two of the defendants, No. 5 Auto Parts and J.E. O'Toole Engineering, entered into pro tanto settlements with plaintiff for $140,000 and $5,000, respectively. Thereafter, the jury returned a verdict against defendant Bucyrus-Erie in the amount of $105,000. Defendant filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial, which was denied. Defendant appeals. We affirm.
Defendant claims that the trial court committed reversible error:
(1) By overruling defendant's motion for mistrial relative to the presence of plaintiff's counsel in the jury room with a juror;
(2) In allowing into evidence photographs showing the blood-stained crane involved in the accident and photographs depicting plaintiff's injuries; and
(3) In prohibiting defendant's counsel from arguing the effect of the pro tanto settlements to the jury and by giving the jury an incomplete charge on the effect.
 I
Defendant filed a motion for mistrial on the second day of trial during the course of jury selection. The motion was based upon circumstances involving the presence of plaintiff's counsel in the jury room during a noon recess while a prospective juror was also present and using the rest room facilities inside the jury room. When the juror exited the rest room into the jury room, the attorneys, followed by the juror, left the jury room. Defendant claims that the contact was potentially prejudicial to the interests of the litigants and to the appearance of objectivity and that the trial court erred by overruling its motion for mistrial.
Our holdings in Preferred Risk Mutual Insurance Company v.Stuart, Ala., 395 So.2d 980 (1981), and Edwards v. SeaboardCoast Line Railroad Company, 384 So.2d 96 (1980), enunciate the standard by which officers of the court are to strive for the appearance of impartiality:
 "`Whether or not injury or injustice has resulted to the litigants by reason of the conduct, is not our primary concern. Rather, our concern is with the implication that attaches to the administration of justice under these circumstances. Confidence in our judicial system is imperiled if such conduct is countenanced in jury trials. Conduct which if proved would give rise to doubt and disrespect, or the mere appearance of such conduct as will not meet with the approval of public opinion, must be severely condemned. It is only through the granting of a new trial in situations like this, as well as vigilant efforts by the officers of the court to prevent such occurrences, that public confidence in the jury system may be preserved. Rasmussen v. Miller, 268 Wis. 436, 68 N.W.2d 16, 18.' [Quoting from Daniels v. Bloomquist, 258 Iowa 301, 138 N.W.2d 868, 872
(1965).]" Preferred Risk, 395 So.2d at 987; Edwards, 384 So.2d at 104.
Applying those statements to the present case, we do not find any implication of conduct which would lead to "doubt or *Page 701 
disrespect" for the "administration of justice." And, the facts before us are distinguishable from those in Preferred Risk andEdwards.
Preferred Risk concerned extensive discussion following a jury verdict between plaintiff's counsel and one of the jurors. The issue on appeal was whether the trial court erred by recalling the jury to correct its verdict after plaintiff's counsel had talked to the juror. Edwards involved discussions during the course of a trial between the trial judge and individual jurors without counsel for either side being present. We held in both cases that the communications in question were of such prejudicial nature as to require reversal. In the case at bar, however, no communication
transpired between plaintiff's counsel in the otherwise empty jury room and the prospective juror inside the rest room facilities. Furthermore, the record reveals that when plaintiff's counsel offered to strike from the venire the juror who had been present in the rest room defendant's counsel objected. That objection to the removal of the juror clearly indicates that even the defendant saw no impropriety in the situation of which it now complains.
The trial judge is vested with a wide discretion in determining whether incidents which occur during the course of a trial affect the rights of either party to have a fair trial, and his action may not be reviewed unless it clearly appears that his discretion has been abused. Boudrow v. H RConstruction Company, 284 Ala. 60, 222 So.2d 154 (1969). The trial court is in a better position than this court to determine the probable effect of such incidents. The record here does not, in our opinion, justify a holding that the trial court abused its discretion in refusing to grant the motion for mistrial.
 II
Defendant claims that the trial court abused its discretion and committed reversible error by allowing photographs of the blood-stained crane involved in the accident into evidence. Defendant concedes that the photographs may have been helpful in showing the jury the condition of some of the pieces of equipment from the crane at a point in time near the accident, but argues that other photographs showed the same things without the presence of blood. However, the record does not substantiate that argument. The trial court did not abuse its discretion in finding that the probative value of the photographs outweighed their alleged prejudicial nature.
Defendant contends that the photographs depicting plaintiff's injuries shed no light on the issues in the case and should not have been allowed into evidence. We respectfully disagree. InMoon v. Nolen, 294 Ala. 454, 318 So.2d 690 (1975), we stated:
 "A photograph is `generally relevant and admissible for the purpose of explaining and applying the evidence' when it enables the jury `to have a better understanding of a person, place, object or conditions.' Thompson v. Magic City Trucking Service, 275 Ala. 291, 296, 154 So.2d 306, 311 (1963).
 "Nevertheless, the application of the rule to a particular photograph offered for admission remains a matter within the sound discretion of the trial court. The trial judge is vested with discretion not only in his determination as to the preliminary proofs offered to identify the photograph or to prove that the photograph is an accurate representation of the objects it purports to portray (International Union, etc. v. Russell, 264 Ala. 456, 88 So.2d 175
(1956), aff'd 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030 (1958)), but also in his determination of whether the picture will aid the jury or tend to confuse or prejudice it (International Union, etc. v. Russell, supra). The discretion of the trial court in such matters is not reviewable in the absence of a gross abuse of that discretion. Godwin v. Jenkins, 282 Ala. 11, 208 So.2d 210 (1968)." 294 Ala. at 458-59, 318 So.2d at 693.
We have examined the photographs in question and find that they were relevant to the issue of damages as an illustration of plaintiff's pain and suffering. See Austin *Page 702 v. Tennessee Biscuit Company, 255 Ala. 573, 52 So.2d 190
(1951). We find, therefore, no abuse of discretion in the inclusion of those exhibits.
 III
Before closing arguments, defendant requested direction from the trial court on the manner in which it would allow counsel to argue the effect of the pro tanto settlements. Defendant expressed to the court its intention to argue that "No. 5 Auto Parts is liable, solely liable, for the accident and that they are not any Jonger in this lawsuit." The court permitted defendant "to argue anything on liability," but admonished counsel from arguing that No. 5 Auto Parts was "no longer in the lawsuit." The court prohibited counsel from making "any references to the fact that this settlement constitutes an admission of fault." Defendant contends that the trial court abused its discretion in disallowing the requested argument. However, we find no prejudicial error for the reasons which follow.
It is well settled that a person injured by joint tort-feasors may release one or more pro tanto and proceed against the others. The tort-feasors may plead the release as a bar to that amount paid by the released tort-feasor or may place it in evidence showing payment for the injury up to the amount shown in the release. Anderson v. Kemp, 279 Ala. 321,184 So.2d 832 (1966). In lieu of allowing defendant to place the pro tanto settlements into evidence, the trial court properly informed the jury of the total amount of the settlements and instructed them to subtract that figure, $145,000, from the full amount of damages, if any, sustained by plaintiff. When defendant objected that the initial charge was misleading in that it implied to the jury that, in assessing damages, it had to arrive at a figure greater than the amount of the pro tanto settlements, the court gave an additional charge to the jury:
 "This jury may find that sum [damages] to be less than $145,000. If that's the case, then when you would subtract $145,000 from it, you would come to the zero figure. I would want that on it."
Although defendant contends that the explanatory charge was also subject to misinterpretation, we find that the instruction was complete. The jury, which returned a verdict in accord with the court's instructions ($250,000 minus $145,000 credited frompro tanto settlements), doubtless understood the charge. Defendant was not prejudiced by the restriction placed on its closing argument nor by the court's oral charge. Furthermore, we note that defendant does not claim that the amount of damages was excessive; hence, the alleged error would be rendered harmless. Rule 61, Alabama Rules of Civil Procedure.
It is a fundamental principle that the appellant (defendant) has the burden of proving prejudicial error. Southern Haulers,Inc. v. Martin, Ala., 382 So.2d 491 (1980). The appellant has failed to meet this burden.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.