This case was initially assigned to me, and I reached the same conclusion that the majority reaches on every issue except one: the failure of the trial court to inform the jury of the pro tanto settlement. The majority addresses this issue as follows:
 "Dr. Campbell argues that, because he was unable to plead the pro tanto settlement to the jury, the verdict is invalid. We find no error here. Although under the doctrine of Bucyrus-Erie, a defendant would be entitled to plead the release, in this case the defendant did not have the opportunity to place the pro tanto settlement before the jury; therefore, the trial judge simply allowed a set-off of the amount of the pro tanto settlement against the amount of the general verdict in lieu of the settlement being pleaded before the jury. Dr. Campbell received the relief to which he would have been entitled if the pro tanto settlement had been known. Because the trial court gave Dr. Campbell all the relief to which he was entitled when it *Page 819 
set off the $1 million pro tanto settlement against Dr. Campbell's liability, we find nothing inherently inappropriate, unfair, or illegal about the verdict against Dr. Campbell or the propriety of the pro tanto settlement. Williams v. Colquett, 272 Ala. 577, 133 So.2d 364 (1961); Hardman v. Freeman, [337 So.2d] at 327; Bucyrus-Erie Co. v. Von Haden, [416 So.2d] at 702; Anderson v. Kemp, [279 Ala. 321, 184 So.2d 832 (1966)]; Tatum v. Schering Corp., [523 So.2d] at 1045-46."
638 So.2d at 816-17.
The Court stated in Tatum v. Schering Corp., 523 So.2d 1042,1045 (Ala. 1988):
 "[A] person injured by joint tort-feasors may accept partial satisfaction and release one or more pro tanto and proceed against the other; however, the tort-feasors not so released may plead the release as a bar to that amount paid by the released tort-feasor(s) or may place it in evidence to show payment for the injury up to the amount shown in the release."
See also, Bucyrus-Erie Co. v. Von Haden, 416 So.2d 699, 702
(Ala. 1982) ("In lieu of allowing [the] defendant to place thepro tanto settlements into evidence, the trial court properly informed the jury of the total amount of the settlements. . . ."). Thus, a defendant has a right to have the jury informed of the fact of a pro tanto settlement between the plaintiff and another defendant. The fact that in this case the plaintiff and the Hospital waited until the close of the evidence to agree to the settlement should not affect Dr. Campbell's right to have the jury informed of the settlement. As long as the settlement is reached before a verdict is returned, the trial court should inform the jury of the settlement and instruct it accordingly. To hold otherwise would allow the settling parties to wait until the close of evidence to settle and thus avoid having the jury notified of the pro tanto settlement, thereby obstructing the nonsettling defendant's right to inform the jury of the settlement. Furthermore, the failure of the settling parties to disclose a settlement agreement to the nonsettling defendant could violate the rules governing discovery. See Rule 26(e)(2), Ala.R.Civ.P.
The Alabama Wrongful Death Statute, § 6-5-410, Ala. Code 1975, has a dual purpose of "punishment based on the quality of the wrong" and "punishment based upon the wrong or degree of culpability." Black Belt Wood Co. v. Sessions, 514 So.2d 1249,1262 (Ala. 1986). If this purpose is to be carried out, the jury must be informed of a codefendant's pro tanto settlement entered into before the verdict is returned, because otherwise a nonsettling defendant could be punished unfairly. I do not express any opinion as to whether the nondisclosure of the settlement to the jury in this case prejudiced Dr. Campbell. I would hold only that he had a right to present it to the jury, that it could have significantly affected the verdict, and that the trial court erred in not informing the jury of the pro tanto settlement. Therefore, I dissent from the Court's opinion on this issue and from the result reached in this case.