Punitive Damages and a Single Defendant
I agree with Justice Scalia, in his observation that the majority of the United States Supreme Court in TXO ProductionCorp. v. Alliance Resources Corp., ___ U.S. ___, ___,113 S.Ct. 2711, 2727, 125 L.Ed.2d 366 (1993), approved procedures for upholding the constitutionality of punitive damages that were "far less detailed and restricted than those upheld in [PacificMutual Life Ins. Co. v. Haslip, 499 U.S. 1, 111 S.Ct. 1032,113 L.Ed.2d 1 (1991)]" (Scalia, J., with Thomas, J., concurring in the judgment). We no longer have to worry about the relationship of the amount of compensatory damages to the amount of punitive damages, which never made sense to me, for it did not foster the purpose of punishing and deterring. I also agree with Justice Kennedy that the United States Constitution "does not concern itself with dollar amounts, ratios, or the quirks of juries in specific jurisdictions."TXO, ___ U.S. at ___, 113 S.Ct. at 2724 (Kennedy, J., concurring in part and concurring in the judgment). A plurality of the United States Supreme Court takes the position that there exists "a substantive due process right that punitive damages be reasonable." TXO, *Page 820 
___ U.S. at ___, 113 S.Ct. at 2726. I believe that underHaslip, as explained by TXO, if a jury is instructed to consider the gravity of the defendant's wrong and the need to deter similar wrongful conduct and the jury's determination is reviewed by trial and appellate courts to ensure that the jury verdict is reasonable, a defendant has received all the process the defendant is due, procedurally and substantively.
 Punitive Damages and Two or More Defendants
However, in my opinion, the procedure for assessing punitive damages in Alabama, when there is more than one defendant, violates the guarantee of procedural due process under the United States and Alabama Constitutions, regardless of the amount of the award. "[T]o punish the guilty beyond their guilt is not different from punishment of the innocent, and it cannot be done in a manner consistent with ordinary notions of justice." Dan B. Dobbs, "Ending Punishment in 'Punitive' Damages: Deterrence-Measured Remedies," 40 Ala.L.Rev. 831, 854 (1989). When we do not punish based upon the particular wrong of a particular defendant, that defendant does not receive due process; and government is not protecting the citizen in the enjoyment of his property, when there is no life, liberty, or property interest of a plaintiff or any other citizen involved. To me, this violates "the sole object and only legitimate end of government." Art. I, § 35, Alabama Constitution of 1901.
 Punitive Damages, Wrongful Death, and Two or More Defendants
Under the majority's interpretation of the Alabama Wrongful Death Act, death is an indivisible injury, requiring a single verdict, fixing a lump sum regardless of the (individual) culpability of tort-feasors.
When confronted head-on with the argument that any settlement by a personal representative with any tort-feasor satisfies the societal interest of punishing for that death and prohibits the personal representative from recovering from any other tort-feasor, the majority of this Court in Tatum v. ScheringCorp., 523 So.2d 1042 (Ala. 1988), held that it did not, since "the remaining defendant would be entitled to plead the release in bar to the amount paid by the released tort-feasors, or that defendant could place it in evidence to show payment for the injury [death] up to the amount shown in the releases." The majority added, "Under the doctrine of Bucyrus-Erie Co. [v. VonHaden, 416 So.2d 699 (Ala. 1982)], the court, in lieu of allowing the defendant to place the pro tanto settlements into evidence, could instruct the jury on the total amount of the settlements, as was done in Bucyrus-Erie." 523 So.2d at 1045-46.
If, in this case, the $4 million judgment is allowed to stand and $3 million of that is assessed against Dr. Campbell, the plaintiff and a defendant will have been permitted to apportion a nonapportionable verdict, which Tatum permits only a jury to do. Therefore, I must dissent.
By not apportioning punitive damages in a wrongful death action, we have focused on the result (the death) of the tort-feasor's wrongful acts, omissions, or negligence, rather than on the wrongful acts, omissions, or negligence of the tort-feasor. Yet, juries are instructed that "The amount of damages should be directly related to the amount of wrongdoing on the part of the defendants." Alabama Pattern JuryInstructions: Civil § 11.18.
Juries must then assess the wrongdoing of each defendant and combine that assessment into a finding of the total wrongdoing that results in death. After that is done, the jury must then decide if it, in its uncontrollable discretion, desires to award punitive damages (this fact concerns me, because I would think death is a compensable injury). If the jury wishes to award damages, then it must arrive at one sum that is directly related to the combined amount of wrongdoing on the part of the defendants. This sum stands, no matter how small it may be (this fact, too, concerns me, because I think death is a compensable injury). However, if the sum is challenged as being excessive, then there must be a Hammond v. City of Gadsden,493 So.2d 1374 (Ala. 1986), hearing and the trial court must test the punitive award by the factors set out in Hammond; Green OilCo. *Page 821 v. Hornsby, 539 So.2d 218 (Ala. 1989); and Ala. Code 1975, §6-11-23(b). If there is an appeal and excessiveness of the award is an issue, then this Court must test the punitive award by the factors set out in Green Oil and Ala. Code 1975, §6-11-24(b). This provides sufficient constitutional protection for a single defendant. Pacific Mutual Life Ins. Co. v. Haslip,499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). However, what if a defendant or some defendants, but fewer than all defendants, settle with a plaintiff in a wrongful death case and the nonsettling defendant or defendants are prohibited from pleading the pro tanto release in bar to the amount paid by the settling defendants, and the Court refuses to instruct the jury on the total amount of the settlements? Then, in my opinion, the jury punishes for the combined wrongdoing, without knowing that a dollar amount has been fixed for the wrongdoing of some, but not all, of the defendants. The jury must know what amount was paid for the wrongdoing of the settling defendant or defendants, or else the jury may punish the nonsettling defendant or defendants for the wrongdoing of the settling defendant; to do so would, in my opinion, violate the nonsettling defendant's rights under §§ 13 and 35 of the Alabama Constitution.
The mere fact that this Court prohibits apportionment of punitive damages among wrongdoers, insofar as recovering punitive damages from joint tort-feasors is concerned (which fact causes me some constitutional concerns), did not seem to concern this Court, when in Tatum it, in effect, directed that a jury must apportion punitive damages to overcome the argument that death is an indivisible injury and that settlement with one or more tort-feasors satisfied the societal interest of civilly punishing for that indivisible injury. In Tatum, I realized that it was impossible to apply legal reasoning to our judicially construed wrongful death statute, and, in my dissent, I begged for a return to bedrock in interpreting the wrongful death statute. 523 So.2d at 1047-63.
Because I cannot apply legal reasoning to the judicial interpretation of the damages awarded under our wrongful death statute, as a pragmatist I would affirm upon the condition that the plaintiff and Dr. Campbell agree to a remittitur of $2 million. That way, the hospital and Dr. Campbell would each pay $1 million. If neither the plaintiff nor Dr. Campbell accepted that, then I would order the case retried and in a retrial of the claim against Dr. Campbell the settlement between the hospital and the plaintiff would be admissible.