This case is unique, to say the least. But I believe that the issues have been made overly complicated both at trial and here. Because I would reverse the judgment denying the setoff, I must respectfully dissent.
I think we are all in agreement that in a typical case involving joint tortfeasors, one of the tortfeasors is entitled to a setoff of any pro tanto settlement reached by the plaintiff and the other tortfeasor.
 "It is well settled that a person injured by joint tortfeasors may release one or more pro tanto and proceed against the others. The tortfeasors may plead the release as a bar to that amount paid by the released tortfeasor or may place it in evidence showing payment for the injury up to the amount shown in the release."
Bucyrus-Erie Co. v. Von Haden, 416 So.2d 699, 702 (Ala. 1982).
In this case, three people were involved in a three-car accident — Simpson, Herbstreith, and Goldsen. Before litigation began, Herbstreith entered into a pro tanto settlement with Simpson for $20,000. Simpson then sued Goldsen, claiming Goldsen had negligently caused the car accident, an accident in which Simpson sustained damage; Herbstreith was not a party to that lawsuit. At this point, this case is like any other case where one joint tortfeasor has reached a pro tanto settlement with the plaintiff. The money paid in the settlement is then used to offset the amount of total damages, if any, a jury determines the plaintiff is entitled to because of the negligence of the tortfeasor who did not settle. See, e.g., John Crane-Houdaille,Inc. v. Lucas, 534 So.2d 1070 (Ala. 1988). If the jury determines that the other tortfeasor is not liable, the settlement represents the entire amount recovered by the plaintiff.
The case went to trial. As in most car-accident cases, the issues were whether the defendant, Goldsen, was negligent, and, if so, what was the amount of Simpson's damages for which she is liable. However, the jury's verdict form asked the jury to first determine whether Herbstreith — a nonparty — was negligent. The jury then was to determine whether Goldsen was negligent, and, if so, then determine the damages Simpson was entitled to.
The jury returned a verdict finding that Herbstreith was not negligent but that Goldsen was. It also found that Simpson had sustained $76,898.39 in damage. The record shows that the trial court instructed the jury to put on the jury form "what . . . you determine the damages of Ms. Simpson to be, if you determine that there *Page 53 
are damages." The jury was not instructed to consider damages over and above the $20,000 she already had received, or to deduct $20,000 from the total amount of damage it found Simpson had sustained. Therefore, we must conclude that the jury found that Simpson sustained total damage of $76,898.39.
Simpson argues that because the jury determined that Herbstreith was not liable for negligence, the $20,000 he paid as a settlement should not be offset against the jury's award of damages. I disagree.
As the main opinion points out,
 "`[t]he prevailing view, with some authority to the contrary, is that [the amount of a release paid to the plaintiff by an alleged joint tortfeasor] must be . . . credited even where the person released was not in fact a joint tortfeasor, or was not liable to the plaintiff at all.'"
783 So.2d 46, 49 (quoting W. Prosser, Handbook of the Law ofTorts § 49 at 305 (4th ed. 1971)). The main opinion then asks, "How then, do the decisions that permit a credit for a settlement by one who, like Herbstreith, has been judicially determined not
to have been liable to the plaintiff, rationalize applying a rule made for joint tortfeasors to one who is clearly not a tortfeasor?" 783 So.2d at 49 (emphasis in original).
I believe that question is based on an improper premise. The "judicial finding" that Herbstreith, a nonparty, was not negligent is irrelevant. We note that the parties agreed for the jury to return a general verdict accompanied by answers to interrogatories; however, I believe that the question of Herbstreith's negligence never should have been put before the jury. Once Herbstreith made the decision to settle with Simpson, the issue of his liability became moot.
I agree with that line of cases adhering to the "one-satisfaction" and "prevention-of-unjust-enrichment" rules in allowing the setoff. See, e.g., Snowden v. D.C. Transit System,Inc., 454 F.2d 1047 (D.C. Cir. 1971). Our entire system of law is based upon the rationale behind those decisions, that is, "in the absence of punitive damages a plaintiff can recover no more than the loss actually suffered." Id. at 1048. I can see no valid reason to go against that rationale in this case.
The jury found that Simpson had suffered a total of $76,898.39 in damage as a result of the accident. Herbstreith had already paid $20,000 toward that amount. To require Goldsen to pay the entire $76,898.39 would result in Simpson's being unjustly enriched. I would reverse the judgment of the trial court denying Goldsen a setoff of $20,000; therefore, I respectfully dissent.
Thompson, J., concurs.