I concur in the holding of the main opinion that the defendant Goldsen is entitled to a set-off against the compensatory damages awarded by the trial court ($76,898.39) in the amount paid by Herbstreith ($20,000) in settlement of Simpson's potential claim(s) against him arising out of the automobile accident. To require Goldsen to pay the entire $76,898.39 would result in Simpson's receiving a windfall above the actual amount she was entitled to receive as compensation for her loss.
This result is consistent with the well-established rule of Alabama law "that a person injured by joint tort-feasors may release one or more pro tanto and proceed against the others. The tort-feasors may plead the release as a bar to that amount paid by the released tort-feasor or may place it in evidence showing payment for the injury up to the amount shown in the release.Anderson v. Kemp, 279 Ala. 321, 184 So.2d 832 (1966)."Bucyrus-Erie Co. v. Von Haden, 416 So.2d 699, 702 (Ala. 1982); see also Jenelle M. Marsh and Charles W. Gamble, Alabama Law ofDamages § 10-4 at 101 (4th ed. 1999) ("If the plaintiff gets recovery from one joint tortfeasor and pursues the other tortfeasor, . . . the latter can claim set-off or credit against the plaintiff for any sums paid by the other tortfeasor.").
However, I am not prepared in this case to extend that general rule "to settling parties that are determined, after they have been dismissed from the case, to have had no liability." 783 So.2d at 56-57. There has been no judicial determination of Herbstreith's liability because Herbstreith was not a party to the litigation. See Goldsen v. Simpson, 783 So.2d 46 (Ala.Civ.App. 1999) (Monroe, J., dissenting). Thus, it is unnecessary for this Court to extend the rule to settling, non-tortfeasors, because the facts of this case do not present that issue. Herbstreith is an alleged joint tortfeasor who has not been judicially determined not to be liable; therefore, Goldsen is entitled to a set-off in the amount paid by Herbstreith.